GREEN *v.* CHEEK.

Lot No. 41 in *Walker's* second addition to the town of *Aurora*, was in the town of *Aurora*, and situate in section 29, township 5, range 1; but the first section of the act incorporating the *city* of *Aurora*, enacted as follows: "that the boundaries of the city of *Aurora* shall be the same as the boundaries of the present town of *Aurora*, that is to say, the boundaries of said city shall include all the territory embraced within the recorded plat of said town as the same is recorded," &c., "and all the territory within the several enlargements of or additions to said town; being all the in-lots and out-lots laid off in section 4, in township 4, of range 1, and sections 32 and 33 of the same township and range." *Held*, that said lot No. 41 was not in the *city* of *Aurora*.

Statutes should be so construed as to render every part of them operative, if possible.

Courts may give a sensible and reasonable interpretation to legislative expressions which are obscure; but where the language of an act is explicit, leading to no absurd results, they must be governed by the obvious meaning and import of the terms used.

APPEAL from the *Dearborn* Circuit Court.

DAVISON, J.—*Cheek* sued *Green* before a justice of the peace in trespass, for taking and carrying away a horse-cart of the value of 40 dollars. Plea, the general issue. From the decision of the justice there was an appeal. In the Circuit Court the cause was submitted upon an agreement of facts, and the Court found for the plaintiff below. Motion for a new trial overruled, and judgment on the finding of the Court.

The facts agreed on are these:

In the year 1850, *Cheek* resided on lot number 41 in *Walker's* second addition to the town of *Aurora*, *Dearborn* county. That addition was laid off on the 16th of *April*, 1847, in section 32 and section 29, township 5, range 1. *Cheek's* lot was situate in the latter section.

By an act of the legislature approved *February* 14th, 1848, a city charter was granted to the citizens of the town of *Aurora*. Under it they organized, and in the year 1850 a proper rate of taxation was determined on, and a city tax was duly assessed and ordered to be collected. To enforce that order a precept was issued and placed in the hands of

*Green*, the city collector, by virtue of which he entered upon lot number 41, seized and carried away the said cart, and sold it for taxes due from *Cheek* and charged against him in the precept.

This seizure and sale constitute the trespass sued for; and the only question to be considered is, does the lot entered upon by *Green* lie within the chartered limits of the city? No doubt it constituted a part of the town of *Aurora;* but it is contended that the present boundaries of the city, as defined by the act above referred to, include no part of section 29, and that, therefore, lot number 41 is not embraced.

The first section of said act provides, that "the boundaries of the city of *Aurora* shall be the same as the boundaries of the present town of *Aurora*, that is to say, the boundaries of said city shall include all the territory embraced within the recorded plat of said town as the same is recorded in the recorder's office of the county of *Dearborn*," &c., "in book *B*, page 902; and all the territory within the several enlargements of or additions to said town, being all the in-lots and out-lots laid off in section 4, in township 4, of range 1, and in sections 32 and 33 of the same township and range."

This provision may be aptly divided into two distinct clauses. First, a general clause which extends the boundaries of the city so as to include the recorded plat of the town, with all its enlargements and additions. If that branch of the section constituted the entire enactment, then the lot in question would be within the limits of the city. But the second clause is specific, relates to the former, and evidently restricts it to the in-lots and out-lots laid off in sections 4, 32 and 33. These sections do not embrace *Cheek's* lot.

It is insisted that the whole tenor of the act indicates an intention to substitute the city for the town charter, without any change of boundaries. In view of the language used in the latter clause of the section quoted, we perceive no ground for that conclusion. Statutes should be so construed as to render every part of them operative, if

possible. The latter clause would be without force, unless it be permitted to control the general words of the former. Courts may give a sensible and reasonable interpretation to legislative expressions which are obscure; but where the language is explicit, leading to no absurd results, they must be governed by the obvious meaning and import of the terms used in the enactment. There is no rule of construction that would authorize the words "in-lots and out-lots laid out in sections 4, 32 and 33," to be extended so as to embrace another section and another lot. Perhaps the words "section 29" were omitted through mistake; that then was a "*casus omissus;*" still this Court having no legislative power, can not supply the defect.

We are of opinion that lot number 41 is not within the chartered limits of the city of *Aurora.* Therefore, the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*W. S. Holman,* for the appellant.

*J. Ryman,* for the appellee.