MIDDLETON MOTORS, INC. v. INDIANA DEPARTMENT OF STATE REVENUE, GROSS INCOME TAX DIVISION.

[No. 978S192. Filed September 14, 1978.]

---

*James W. Pendland,* of Bedford, *James C. Tucker, Tucker and Tucker,* of Paoli, for appellant.

*Theodore L. Sendak,* Attorney General, *Jack R. O'Neill,* Deputy Attorney General, for appellee.

GIVAN, C.J.—The record reveals that the appellant was audited on or about March 28, 1966, and assessed approximately $9,000 in back taxes. Arrangements were made to pay these taxes in three installments. Appellant contacted and was informed by the deputy director of the revenue department, who was second in command, that it had two years from payment of the final installment to file an action to reclaim any excessive tax assessment which it had paid.

Final payment was made on June 14, 1971. On August 19, 1971, appellant filed a claim for refund. This claim was denied on September 13, 1971. Thus appellant had until December 13, 1971, to file his complaint. An action for refund was filed on March 13, 1972. The appellee moved that the action be dismissed, alleging the lack of subject matter jurisdiction pursuant to IC § 6-2-1-19 [Burns 1972]; which states *inter alia* "no court shall have jurisdiction over

any such suit unless the taxpayer shall show that the complaint therein was filed within three [3] months after he shall have received notification of the action of the department denying said petition for refund in whole or in part." See *Dept. of Revenue* v. *Mumma Bros. Drilling Co.*, (1977) Ind. App., 364 N.E.2d 167.

The trial court initially overruled the motion to dismiss but granted it upon appellant's motion to reconsider.

The sole issue is whether the State could be estopped to assert the provisions of IC § 6-2-1-19, as a result of the erroneous representations made by the deputy director about procedures for claiming a tax refund. The Court of Appeals held that the State was so estopped. The cause was reversed and remanded for a hearing on the merits.

The appellant now argues that it cannot be estopped to rely on IC § 6-2-1-19, for a defense to this action as a result of the unauthorized or unintentional acts of its officers, agents or employees. It further maintains that the Court of Appeals erred in regarding this claim of immunity to be an "offshoot" of the doctrine of sovereign immunity. The court found that doctrine to have been abolished in *Campbell* v. *State,* (1972) 259 Ind. 55, 284 N.E.2d 733, and therefore no bar to the invocation of equitable estoppel.

There is nothing in the briefs or pleadings filed by the appellee indicating that its claim of immunity from estoppel emanates from the defense of sovereign immunity. Its claim is instead based upon IC § 6-2-1-19, which provides an exclusive remedy for the taxpayer. Failure to comply with this statute acts to preclude the taxpayer from a judicial forum to seek a tax refund. See *Marhoefer Pkg. Co., Inc.* v. *Indiana Dept. of State Rev.*, (1973) 157 Ind. App. 505, 301 N.E.2d 209. In *Marhoefer* the court construed another clause of IC § 6-2-1-19, which requires a taxpayer to file a petition for refund within three years of tax payment and determined that the filing procedure established by this statute creates

a condition precedent to the right to tax refund. It further determined that because this right does not come into existence until the filing procedure has been complied with, that it cannot be waived as in the case of a statute of limitation.

The construction in *Marhoefer* of IC § 6-2-1-19, is equally applicable to the three-month filing requirement in the case at bar. That filing is a condition precedent to the right to bring a civil action for refund. Noncompliance acts to preclude jurisdiction of the trial court. The appellant's claim of immunity from estoppel is therefore derived from the express mandate of IC § 6-2-1-19, and is not, as the Court of Appeals concluded, an "offshoot" of sovereign immunity.

We further find that the Court of Appeals erred in its application of estoppel to the facts herein. When the legislature enacts procedures and timetables which act as a precedent to the exercise of some right or remedy, those procedures cannot be circumvented by the unauthorized acts and statements of officers, agents or staff of the various departments of our state government. See *Walgreen Co.* v. *Gross Income Tax Division*, (1947) 225 Ind. 418, 75 N.E.2d 784. All persons are charged with the knowledge of the rights and remedies prescribed by statute. See *City of Evansville* v. *Follis*, (1974) 161 Ind. App. 396, 315 N.E.2d 724.

Appellant's reliance upon the representations of the deputy director was unjustifiable. The trial court properly dismissed this action for lack of subject matter jurisdiction.

The appellee raises two other allegations of error by the Court of Appeals. We need not decide those issues however in order to dispose of this case.

We therefore grant transfer, vacate the opinion of the Court of Appeals and affirm the dismissal of this action by the trial court.

Pivarnik and Prentice, JJ., concur; DeBruler, J., dissents with opinion in which Hunter, J., concurs.

## DISSENTING OPINION

DeBRULER, J.—In this case the taxpayer did not institute his suit for a refund within the three month period following notification of the denial of his petition for refund as required by statute. The trial court accordingly dismissed his suit on motion by the State. The Court of Appeals reversed. The issue presented was whether the trial court could lawfully apply an equitable estoppel against the State so as to relieve the taxpayer of the requirement of filing within the three month period. In *State ex rel. Agan* v. *Hendricks Superior Court*, (1968) 250 Ind. 675, 235 N.E.2d 458, this Court held that the courts may invoke an equitable estoppel against the State in an appropriate case. I think this is such an appropriate case. The Deputy Director, a high official of the Department of Revenue, exercising the sovereign power of the State in the course of adjusting a tax claim and in arriving at a payment schedule with an individual tardy taxpayer, undertook to answer his inquiry about the statute of limitations. His mistaken answer was relied upon by the taxpayer. This answer was given to the taxpayer at the time of adjustment when the bargaining process was ongoing and was within the authority of the official and ought therefore serve as a basis for applying an estoppel against the State in a refund situation. The judgment should be reversed and the taxpayer should be granted a trial to afford him an opportunity to establish the necessary elements of an estoppel.

Hunter, J., concurs.

NOTE.—Reported at 380 N.E.2d 79.