KENTUCKY STONE COMPANY d/b/a
Russellville Stone Company, Appellant
(Plaintiff Below),

v.

STATE of Indiana, Appellee
(Defendant Below).

No. 1–579–A–148.

Court of Appeals of Indiana,
Fourth District.

Nov. 28, 1979.

Rehearing Denied Jan. 15, 1980.

John T. Lorenz, Kightlinger, Young, Gray & DeTrude, Indianapolis, for appellant (plaintiff below).

Theodore L. Sendak, Atty. Gen., Ted J. Holaday, Deputy Atty. Gen., Indianapolis, for appellee (defendant below).

YOUNG, Judge.

Kentucky Stone Company appeals from an adverse summary judgment. We affirm.

The issue is whether certain of the appellant's commercial operations are properly subject to the Motor Fuel Use Tax, IC 1971, 6–6–2 (Burns Code Ed., Repl.1978). This tax is imposed on fuel for the *privilege* of the taxpayer to use the public highways of Indiana. IC 6–6–2–4(a).

The appellant operates a stone quarry and a crushing plant. These operations are connected by a one-mile roadway in Putnam County. The appellant hauls stone from the quarry to the plant in large Euclid carriers. The appellant's predecessor in interest had entered into an agreement with Putnam County which obligates the appellant to maintain that particular one-mile portion of road. Ever since that agreement the predecessor as well as the appellant have maintained the roadway. Currently the expense amounts to about $3,500 per year. The particular issue which this Court must resolve is whether the appellant is liable for fuel use taxes paid on fuel used in the Euclid carriers as they travel between the quarry and the plant.

The appellant's argument is twofold. First, the appellant contends that because it maintains the roadway, the roadway is thus not a "public highway" within the meaning of IC 6–6–2–2(3) and hence the appellant is

not obligated to pay the tax. Second, the appellant claims the Euclid carriers do not fit the definition of "motor vehicles" within the meaning of IC 6–6–2–2(1) and hence the appellant is not obligated to pay the tax.

At the outset it is important to appreciate the exact nature of the appellant's attack on the tax statute. The appellant is *not* claiming the statute is unconstitutional in any respect, nor that it is arbitrary and capricious, nor that it amounts to invidious discrimination. *Compare Indiana Aeronautics Comm'n v. Ambassadair, Inc.* (1977) Ind., 368 N.E.2d 1340; *Welsh v. Sells*, (1963) 244 Ind. 423, 192 N.E.2d 753, 193 N.E.2d 359. The sole basis of appellant's attack is that as it interprets the statute, its business operations should be excluded from the tax. A second matter which we must keep in mind is that taxation is primarily a concern of the legislative branch and not the judicial. "If the action of the General Assembly in passing this law is unwise or imprudent, the remedy is at the polls on election day—not in the courts." *Welsh v. Sells, supra*, 192 N.E.2d 753, 756. "The legislature has latitude in determining classifications for taxation as long as it is based upon some reason connected with the subject matter." *Id.* 760.

The important language in this particular tax statute is found in § 4(a): "For the privilege of using the public highways in this state a license tax is hereby imposed upon the use, as defined in IC 1971, 6–6–2–2, of fuel by any person within this state at the rate of eight cents [$.08] per gallon to be computed and paid in the manner hereinafter set forth."

■ This statute is clear. The tax is imposed for the *privilege* of using the public highways. There is no language in the statute which states that the tax is to be imposed only in proportion to whatever degree of *actual* use is made of the public highways. There is simply nothing in the statute which purports to carve an exemption for those instances when travel is undertaken on private roads as opposed to public highways. In reaching this conclu-

sion we note that the statute lists certain specific exemptions in § 4(d). The particular activity for which the appellant claims an exemption is not included in this list. We are not at liberty to alter the legislative classification and to add to this list of exemptions. Furthermore, because the application of this statute is readily apparent, we decline the appellant's invitation to resort to various rules of statutory construction.

■ In a related argument the appellant claims it is not liable for the tax because its vehicles, described *supra*, are "not designed primarily for use on the public highways . . . ." Appnt's Brief 1. In response we repeat that the tax is imposed for the privilege of using public highways. The statute does not make liability dependent upon whether the vehicles are designed primarily for use on public highways. We also refer again to § 4(d) which exempts particular forms of transportation services from the tax. Section 4(d) fails to include an exemption for vehicles not designed primarily for use on public highways.

■ The appellant's final argument is that there is a genuine issue of material fact as to whether the road in question is "publicly maintained." Under our view of the case whether the road is "publicly maintained" is not material and thus no bar to the entry of summary judgment. *See Stuteville v. Downing*, (1979) Ind.App., 391 N.E.2d 629, 631; *Hayes v. Second Nat. Bank of Richmond*, (1978) Ind.App., 375 N.E.2d 647, 650.

Affirmed.

MILLER, P. J., and CHIPMAN, J., concur.