**PERKINS PAVING AND TRUCKING, INC., Petitioner,**

v.

**INDIANA DEPARTMENT OF REVENUE, Respondent.**

No. 45T05–8705–TA–00024.

Tax Court of Indiana.

Oct. 9, 1987.

Gregory S. Reising, Gary, for petitioner.

Linley E. Pearson, Atty. Gen. by Terry G. Duga, Deputy Atty. Gen., Indianapolis, for respondent.

## ORDER ON PETITION FOR INJUNCTION PENDING ORIGINAL TAX APPEAL

FISHER, Judge.

Perkins Paving & Trucking, Inc. has filed a petition to enjoin collection of taxes pursuant to Ind. Code 33–3–5–11 (Supp. 1986). The Indiana Department of Revenue issued a "letter of findings" on May 13, 1987. The department determined that petitioner owed special fuel tax for the years 1983, 1984, and 1985, in the amount of $41,846.95 including penalty and interest.

The petitioner operated out of Portage, Indiana, with a home base approximately three miles from the entrance to Bethlehem Steel Company. The fuel in question was burned in tri-axle dump trucks which operated on private roads within Bethlehem. The petitioner had the trucks plated in a category which would make the maximum

weight allowable for the truck and load to be 26,000 pounds. The trucks weighed 25,-000 pounds when empty. The trucks also traveled empty each morning and evening on the three mile stretch of public road between the petitioner's home base and Bethlehem. The trucks were driven on this public road for maintenance and refueling at the home base.

The trucks were fitted with off-the-road tires which limited the speed at which they could be operated safely to 40 miles per hour. The petitioner reported and paid tax on all highway use, but did not pay the tax on fuel burned on property owned by Bethlehem.

The petitioner testified that if it were required to pay the tax, penalty, and interest *pendente lite,* the economic effect would be a disaster. No evidence to the contrary was presented by the department.

This Court's injunction power is governed by the general body of law dealing with injunctions, as well as by IC 33–3–5–11(c), which reads as follows:

> After a hearing on the petition filed under subsection (b), the tax court may enjoin the collection of the tax pending the original tax appeal, if the tax court finds that:
>
> (1) the issues raised by the original tax appeal are substantial;
>
> (2) the petitioner has a reasonable opportunity to prevail in the original tax appeal; and
>
> (3) the equitable considerations favoring the enjoining of the collection of the tax outweigh the state's interests in collecting the tax pending the original tax appeal.

■ I. *The issue in the original tax appeal is substantial.* The regulations 45 IAC 10–1–1 *et seq.* have been promulgated to excuse the paying of the tax on off-the-road use of vehicles used both on and off the road. Reconciling the regulations with the special fuel tax statute, IC 6–6–2.1–201, is an apparent issue. Also the "Instruc-

tions for Filing Special Fuel Dealers Tax Report" (Pet. Ex. # 5) at least suggests deducting non-highway fuel consumption from taxable receipts. The resolution of these issues is of substantial importance to all similarly operating companies around the state.

■ II. *The petitioner has a reasonable opportunity to prevail in this original tax appeal.* IC 6–6–2.1–201 (1982) states in pertinent part that "[e]xcept as otherwise provided by this chapter, a license tax is imposed on the use of special fuel." The former statute, IC 6–6–2–4(a), imposed the tax for the privilege of use of public highways.[1] The only case interpreting the former statute is *Kentucky Stone Co. v. State* (1979), Ind.App., 396 N.E.2d 951, in which the Court of Appeals held that "there [was] no language in [IC 6–6–2–4(a)] which [stated] that the tax [should be] imposed only in proportion to whatever degree of *actual* use is made of the public highways." *Id.* at 952 (emphasis in original). The Court based its determination on the wording of the statute that the tax was imposed on the privilege of use. The Court also stated that taxation is a concern of the legislative branch and not the judicial. *Id.* at 952.

Subsequent to *Kentucky Stone,* the wording and numbering of all motor vehicle tax statutes were changed by Acts 1980, Public Law 51, Section 57. Section 67 of the same Act stated that:

> This Act is intended to be a codification and restatement of applicable or corresponding provisions of the laws repealed by this Act. If this Act repeals and reenacts the law in the same form or in a restated form, the substantive operation and effect of the law shall continue uninterrupted.

If the petitioner shows that Public Law 51 did more than just restate the law, and was intended to be a substantive change, or persuades this court that *Kentucky Stone* should not be followed, then it may have a reasonable opportunity to prevail in the

---

1. IC 6–6–2–4(a) (Burns Code Ed., Repl.1978) reads:

   (a) For the privilege of using the public highways in this state a license tax is hereby imposed upon the use, as defined in IC 1971, 6–6–2–2, of fuel by any person within this state at the rate of eight cents [$.08] per gallon to be computed and paid in the manner hereinafter set forth.

original tax appeal. Regulation 45 IAC 10–1–6, which liberally construes the statute defining motor vehicles and otherwise illustrates taxable and non-taxable situations indicates the department's interpretation of the 1980 revision.

Use of special fuel is defined in IC 6–6–2.1–103 (1982) as "the delivery or placing of special fuel into the fuel supply tank of a motor vehicle in Indiana." Motor vehicle is defined in IC 6–6–2.1–103 (1982) as "a vehicle ... designed to permit its mobile use on highways." The current modification of the vehicles and type of plates may remove the vehicles from the statutory definition in that the vehicles are not designed for highway use.

■ III. *The equitable considerations favor the enjoining of the collection of the tax.* The petitioner in part based its decision not to remit the tax upon information given by one of the department's employees. The department does not contend that such information was not given.

In *Middleton Motors, Inc. v. Indiana Department of State Revenue* (1978), 269 Ind. 282, 380 N.E.2d 79, the taxpayer asked the department for information on the time period for filing suit after a refund claim had been denied. The department's deputy director informed the taxpayer that it had two years to file suit. The statute, however, clearly stated that the complaint had to be filed within three months. The taxpayer filed a complaint with the court six months after its refund claim was denied and the department filed a motion to dismiss alleging the lack of subject matter jurisdiction. The motion was granted by the trial court. The Court of Appeals held that the department was estopped from asserting the statutory provisions as a result of erroneous representations made by the department's employee. The Supreme Court vacated the Court of Appeals opinion and affirmed the dismissal of the action. The Supreme Court based its decision on the fact that the department's claim of immunity from estoppel was derived from the express mandate of the statute. The Court noted that the enactments of the legislature cannot be circumvented by acts and statements of the department's employees.

This Court will make a determination on the applicability of *Middleton Motors* if it is raised, after argument has been heard on the merits. Enough evidence was introduced at the injunction hearing to raise the question whether the issue at hand involves such an express mandate.

Whether or not the petitioner's estoppel argument may be successful on the merits, it nonetheless presents an equitable consideration favoring enjoining the collection of tax *pendente lite.* Taken with the potential for irreparable economic injury if the petitioner must pay the tax *pendente lite,* the Court finds that the equitable considerations favoring the injunction outweigh the state's interests in immediate collection.

The petitioner's evidence on the economic injury and potential for irreparable harm was not detailed. The department presented no evidence to the contrary. Even though the petitioner did not explore the credit possibilities to obtain funds to pay this tax *pendente lite,* this Court finds that given the other equitable considerations favoring the injunction such lack of exploration is not fatal at this time.

IT IS THEREFORE ORDERED that the department is enjoined from proceeding to collect the tax, interest, and penalty herein alleged to be due by reason of the use of special fuel by the petitioner until further order of this Court.

The petitioner is ORDERED to post sufficient bond or security in the amount of the tax, interest, and penalty alleged to be due by reason of its use of special fuel on or before October 23, 1987.

The petitioner is further ORDERED not to dispose of or otherwise transfer any of its assets except in the ordinary course of business, except as such may be necessary to give security or to provide the bond herein ordered. The petitioner is further directed to permit the department to audit its records at reasonable times for purposes of verification.