**INDIANA DEPARTMENT OF STATE REVENUE, et al., Appellant (Defendant Below),**

v.

**INDIANAPOLIS PUBLIC TRANSPOR- TATION CORPORATION, Appellee (Plaintiff Below).**

No. 49S00–8712–TA–1130.

Supreme Court of Indiana.

March 2, 1990.

Linley E. Pearson, Atty. Gen., Ted J. Holaday, and Lynn A. Francis, Deputy Attys. Gen., Indianapolis, for appellant.

William K. Byrum and Anthony O. Crowell, Byrum Gagnon & Diehl, Indianapolis, for appellee.

DICKSON, Justice.

Appellant, Indiana Department of State Revenue (Department), appeals from an Indiana Tax Court order of a partial refund of special fuel taxes assessed against the Indianapolis Public Transportation Corporation (IPTC) for the years 1982–84. *Indianapolis Pub. Transp. Corp. v. Indiana Dep't of State Revenue* (1987), Ind.Tax, 512 N.E.2d 906. In granting summary judgment for IPTC, the Tax Court determined that Ind.Code § 6–6–2.1–301(4) exempted from taxation special fuel used in IPTC's wreckers and supervisors' automobiles, but not fuel used in vehicles that managers could use after work.

The Department raises the following issues: 1) whether the special fuel tax exemption in subsection 301(4) is ambiguous; 2) the construction of the exemption if ambiguous; and 3) the validity of a regulation, Ind. Admin. Code tit. 45, r. 10–3–5 (1983), which construes the exemption. As the facts are undisputed, we may reverse summary judgment only if the court below misapplied the law to the facts. Ind.Trial Rule 56(C).

Indiana Code § 6–6–2.1–301(a)(4) (amended in 1986) exempts from the special fuel tax those transactions involving "[s]pecial fuel sold to a public transportation corporation under [Ind.Code § ] 36–9–4 and used for the transportation of persons for compensation within the territory of the corporation." According to the Department, the unambiguous language exempts only special fuel used in vehicles that actually transport passengers, not in support vehicles like wreckers and supervisors' automobiles. IPTC, a section 36–9–4 corporation, contends that "transportation of persons for compensation" means the general activity of moving passengers. Because of such varying interpretations, the Tax Court ruled the exemption ambiguous. We agree.

The Department urges a narrow construction of the exemption to effect the legislature's intent. Noting the several exemptions granted to public transportation corporations for other taxes, IPTC responds that the "necessary and integral" test furthers the legislative purpose of encouraging public mass transportation. The Tax Court adopted the "necessary and integral" test as a means of construing the exemption.

To effect the legislature's intent in enacting a statute, this Court will construe an ambiguous statute in a manner consistent with other sections of the act, *Dague v. Piper Aircraft Corp.* (1981), 275 Ind. 520, 418 N.E.2d 207, and with the act's purpose and scope. *J. Wooley Coal Co. v. Tevault* (1918), 187 Ind. 171, 118 N.E. 921. While an ambiguous exemption statute generally is strictly construed against the party seeking the exemption, *Indiana Dep't of State Revenue v. Indiana Harbor Belt R.R. Co.* (1984), Ind.App., 460 N.E.2d 170, determining the intent of the legislature remains the primary function of the court. *Dague*, 275 Ind. at 524, 418 N.E.2d at 210.

"The best evidence of legislative intent is the statute itself...." *Bailey v.*

*Menzie* (1987), Ind.App., 505 N.E.2d 126, 128. The Special Fuel Tax Law imposes a tax on the use of special fuel, Ind.Code § 6–6–2.1–201, to generate funds for "highway purposes," traffic safety, and policing costs. Ind.Code § 6–6–2.1–702. All engine fuel except gasoline is covered. Ind.Code § 6–6–2.1–103(h) (1984). Section 301 exempts from taxation the use of fuel by certain government units, public transportation corporations (subsection 4), municipal public transit departments (subsection 5), and common carriers of passengers, including taxicabs (subsection 6). Ind.Code § 6–6–2.1–301 (1984).[1] Subsections 4 and 5, involving public entities, exempt fuel "used for the transportation of persons for compensation," whereas subsection 6, involving private carriers, exempts fuel "used by the carrier[s] to transport passengers." *Id.*

We conclude that section 301(4) exempts special fuel used in the general activity of providing transportation of passengers. This is consistent with the presumed legislative intent to reduce the operating expenses of public transportation providers to enable them to provide a low-fare service to those who do not use or cannot afford private transportation.

■ We next consider whether the Tax Court's use of the "necessary and integral" test is the appropriate test for determining which activities come within "transportation of passengers for compensation." The Tax Court adopted the "necessary and integral" test from cases construing the sale and use tax exemptions under Ind.Code § 6–2–1–39(b) (repealed). The Department argues that these cases are inapposite because they do not comport with the legislature's intent. The Department also relies on *State v. Farmers Tankage, Inc.* (1969), 144 Ind.App. 392, 246 N.E.2d 409, which held that no ambiguity existed in a sale and use tax exemption that did not contain "directly." The ambiguity in the present case, however, stems from different statutory language.

In *Indiana Dep't of State Revenue v. Indianapolis Transit Sys., Inc.* (1976), 171 Ind.App. 299, 356 N.E.2d 1204, the Court of Appeals construed the sale and use tax exemption that exempted personalty "directly used or consumed in the rendering of public transportation of persons or property." Ind.Code § 6–2–1–39(b)(4) (repealed 1980). Noting that other subsection (b) exemptions had a double directness requirement, the Court reasoned that by the single use of "directly," subsection (b)(4) indicated a broader exemption from the tax. *Indianapolis Transit Sys., Inc.*, 171 Ind.App. at 306, 356 N.E.2d at 1208. The Court then concluded that "rendering ... transportation" covered items necessary for the continued operation of the system. *Id.* In a later case on the exemption, the Court of Appeals determined which items used were integral to the process of transportation. *Indiana Harbor Belt R.R. Co.*, 460 N.E.2d at 175–77.

Section 301(4) does not contain any directness requirement, supporting further our conclusion that the legislature intended a broad exemption. Although the cases on the sale and use tax exemption have a directness requirement, the "necessary and integral" test announced in those cases construed language similar to that of section 301(4). Because this test is consistent with our view of the legislative purpose of the exemption, the Tax Court properly construed "transportation." We next consider the application of the test to the facts of this case.

■ The Tax Court determined that IPTC's wreckers and supervisors' automobiles were "necessary and integral" parts of the transportation system. The wreckers were used to tow disabled coaches back to the garage for repair. The supervisors' automobiles were used for the following purposes: 1) monitoring schedules, stops, and loading; 2) reporting service and routing needs; 3) inspecting roads, coaches, and shelters; 4) investigating accidents involving IPTC vehicles; and 5) responding to calls for assistance on in-service coaches. Neither type of vehicle was used for per-

---

**1.** In 1986, the legislature added subsection (b), which excuses public transportation corporations, municipal public transit departments and common carriers of passengers from compliance with the special fuel decal and fee requirements of the new section 6–6–2.1–203.

sonal matters. We agree with the Tax Court's conclusion that these vehicles were "necessary and integral" to the system. The fuel used in these vehicles was exempt from the special fuel tax.

We also agree with the Tax Court that the managers' vehicles were not necessary to the system's operation. These vehicles were used for additional response to emergency calls and the personal transportation of the managers. The fuel used in them was not exempt from the special fuel tax.

The Tax Court held invalid the regulation construing the special fuel tax exemption. The Department asserts that the regulation is a reasonable interpretation of the exemption. We disagree.

Ind. Admin. Code tit. 45, r. 10–3–5 (1983) states in part:

(a) Special fuel sold to or used by a public transportation corporation is exempt so long as the special fuel is placed into the fuel supply tank of a motor vehicle operated by a public transportation corporation for the sole purpose of transporting persons for compensation within the Indiana territory of that corporation.

(b) A public transportation corporation is a municipally owned public transportation system that:

(1) operates buses or other motor vehicles designed to carry more than six passengers, exclusive of the driver.

This regulation conflicts with section 301(4) by narrowing the exemption short of its intended scope. This conflict invalidates the regulation. *Indiana Dep't of State Revenue v. Best Ever Companies* (1986), Ind.App., 495 N.E.2d 785.

The Tax Court correctly construed Ind. Code § 6–6–2.1–301(4) and applied the exemption to the facts. Summary judgment is affirmed.

SHEPARD, C.J., and DeBRULER and GIVAN, JJ., concur.

PIVARNIK, J., not participating.