### INDIANAPOLIS HISTORIC PARTNERS, Petitioner,

v.

### STATE BOARD OF TAX COMMISSIONERS; Bernard J. Gohman, Jr., Marion County Assessor; Curtis L. Coonrod, Marion County Auditor; Mary Buckler, Marion County Treasurer; and James R. Maley, Jr., Assessor of Center Township, Marion County, Respondents.

No. 49T05–9001–TA–00001.

Tax Court of Indiana.

Nov. 30, 1990.

Larry J. Stroble, Barnes & Thornburg, Indianapolis, for petitioner.

Linley E. Pearson, Atty. Gen. by Kim Ohmart Laurin, Deputy Atty. Gen., Indianapolis, Kristie L. Hill, City–County Legal Div., Corp. Counsel by Margo Barber, Asst. Corp. Counsel, Indianapolis, for respondents.

FISHER, Judge.

This matter comes before the court on the Indiana State Board of Tax Commissioners' (State Board) motion for summary judgment and Indianapolis Historic Partners' (IHP) response to the same. IHP appeals the State Board's final determination denying its petition for correction of error.

---

## FACTS

On October 2, 1985, the Marion County Metropolitan Development Commission adopted a resolution declaring a parcel owned by IHP an economic revitalization area. Thereafter, IHP made improvements to the subject property. On September 11, 1987, the township assessor sent IHP a notice of assessment stating that effective September 10, 1987, the assessed value of the improvements would be $254,070. According to IHP, the township assessor did not give IHP any opportunity to contest this assessment.

On May 5, 1988, in response to the assessor's notice, IHP filed an "Application for Deduction From Assessed Valuation of Structures in Economic Revitalization Areas" with the county auditor. The county auditor and the township assessor refused to approve the application for deduction. On October 18, 1988, IHP filed a petition for correction of error with the county auditor which alleged the following: the taxes were illegal as a matter of law, there was a mathematical error in computing the assessment, and through an error of omission by local officials, IHP was not given credit for a deduction permitted by law.

The county assessor, county auditor, county treasurer, and township assessor denied IHP's petition for correction of error in November, 1988. On November 20, 1989, the State Board also denied the petition for correction of error, stating that the "[p]etition [is] denied in accordance with written findings and order issued 11–07–89."[1] Those findings pertaining to the denial of the application for an economic revitalization area deduction provide:

4. Under IC 6–1.1–12.1–5, in order to receive tax abatement for real property located in an economic revitalization area, a taxpayer must file a certified deduction application prior to May 10 of the year in which the addition to assessed valuation is made unless notice of the addition to assessed valuation is not given to the taxpayer prior to April 10 of that year. In that case, the taxpayer has until thirty (30) days after notice is mailed to file the application.

Taxpayer received notice of increased assessment (Form 11) on September 11, 1987. Taxpayer did not file an application for tax abatement (Form 18379) until May 5, 1988, which was more than thirty (30) days after notice was given. Taxpayer did not timely file for tax abatement under IC 6–1.1–12.1–5.

. . . .

### Order

The State Board of Tax Commissioners determines that the Taxpayer did not timely file Form 18379 and, therefore, is not entitled to abatement on the 1987 assessment for taxes due in 1988. The State Board of Tax Commissioners further determines that the Taxpayer is entitled to a decrease in assessment of improvements in the amount of $27,700.

The State Board contends in its motion for summary judgment that no procedure exists to obtain review of the denial of an application for an economic revitalization area deduction, and, without an express grant from the legislature, neither the State Board nor county officials have the authority to review the deduction denial. Therefore, the State Board's order issued on November 20, 1989, is statutorily unauthorized and void. Consequently, there is no final determination appealable to the Indiana Tax Court. The State Board makes these contentions even though it issued a final determination on the merits, denying the petition for correction of error based upon its findings issued on IHP's Form 131 petition.

Conversely, IHP contends that a taxpayer can seek review from the denial of an application for an economic revitalization area deduction under IC 6–1.1–15–12. Therefore, the State Board's November 20, 1989 order is valid and the Indiana Tax Court has jurisdiction to review the State Board's final determination denying IHP's petition for correction of error. IHP also asserts that the State Board should be es-

---

1. The State Board issued this order in response to IHP's petition for review of assessment (Form 131), which is not the subject of the current petition before the court.

topped from denying its legal authority to act on the petition to correct error because IHP relied upon the State Board's action in bringing this appeal.

### ISSUES AND DECISION

The issues before the court are:

1. Did the State Board have authority to review that part of IHP's petition for correction of error which concerned the denial of the application for an economic revitalization area deduction?

2. If not, should the State Board be estopped from denying its authority to rule on that part of the petition?

The court's ruling on the first issue is dispositive. Whether IHP can appeal the denial of the deduction is purely a matter of statutory construction and is therefore subject to a ruling by summary judgment. *Faris Mailing, Inc. v. Indiana Dep't of State Revenue et al.* (1990), Ind.Tax, 557 N.E.2d 713, 715.

IHP filed its application for deduction under IC 6–1.1–12.1–5, which provides in part:

(a) A property owner who desires to obtain the deduction provided by section 3 of this chapter must file a certified deduction application, on forms prescribed by the state board of tax commissioners, with the auditor of the county in which the property is located. Except as otherwise provided in subsection (b) or (e), the deduction application must be filed before May 10 of the year in which the addition to assessed valuation is made.

(b) If notice of the addition to assessed valuation or new assessment for any year is not given to the property owner before April 10 of that year, the deduction application required by this section may be filed not later than thirty (30) days after the date such a notice is mailed to the property owner at the address shown on the records of the township assessor.

After the township assessor and county auditor denied the application for deduction, IHP filed a petition for correction of error under IC 6–1.1–15–12, which provides in pertinent part:

(a) Subject to the limitations contained in subsections (c) and (d), a county auditor shall correct errors which are discovered in the tax duplicate for any one (1) or more of the following reasons:

. . . .

(6) The taxes, as a matter of law, were illegal.

(7) There was a mathematical error in computing an assessment.

(8) Through an error of omission by any state or county officer the taxpayer was not given credit for an exemption or deduction permitted by law.

. . . .

d) If the tax is not based on an assessment made or determined by the state board of tax commissioners, the county auditor shall correct an error described under subsection (a)(6), (a)(7), or (a)(8) only if the correction is first approved by at least three (3) of the following officials:

(1) The township assessor.

(2) The county auditor.

(3) The county treasurer.

(4) The county assessor.

However, if two (2) of these officials do not approve such a correction, the county auditor shall refer the matter to the state board of tax commissioners for final determination.

IHP based its petition on the errors described in (a)(6), (a)(7) and (a)(8). IHP alleges that the taxes are illegal as a matter of law because IHP was entitled to the economic revitalization area deduction, and that the township assessor and county auditor committed an error of omission by not approving the application for a deduction to which IHP was entitled.[2]

---

**2.** Additionally, IHP contends that the taxes were illegal as a matter of law because the notice of assessment to the improvements was issued by the township assessor without complying with the notice provisions required by IC 6–1.1–9–1

and that under IC 6–1.1–4–12, the assessment of the improvements was not effective until March 1, 1988, rather than March 1, 1987. The court's subject matter jurisdiction over these issues has not been contested.

The State Board correctly states that no express authority is granted to local officials or to the State Board to review the denial of an application for an economic revitalization deduction.[3] There is also no requirement to send notice when the application is denied.[4] The absence of such language, however, does not alter the facts presented by the case at bar. IHP filed its petition under the provisions of IC 6–1.1–15–12, and according to the statute's plain language, local officials may correct certain errors which may exist.

Even though the legislature did not expressly provide a procedure to obtain review in IC 6–1.1–12.1, *et seq.*, the legislature did provide a method by which a taxpayer may appeal a tax assessment which the taxpayer believes to be illegal or incorrect. That is, a taxpayer may file a petition under IC 6–1.1–15–12 alleging that the taxes imposed are illegal as a matter of law, or that an error of omission has resulted from a county officer's failure to give the taxpayer credit for a deduction permitted by law. If two of the local officials do not approve the correction, the State Board then reviews the local officials' determination and makes a final determination which is appealable to this court. *See* IC 33–3–5–2. This court then has jurisdiction to determine whether the "State Board's determi-

nation is supported by substantial evidence, is an abuse of discretion, is arbitrary or capricious, or is in excess of the State Board's statutory authority." *Hatcher v. State Bd. of Tax Comm'rs* (1990), Ind.Tax, 561 N.E.2d 852, 856 (citing *Bailey Seed Farms, Inc. v. State Bd. of Tax Comm'rs* (1989), Ind.Tax, 542 N.E.2d 1389, 1391).

To obtain relief IHP must show that the errors complained of fall within the statutory provisions of IC 6–1.1–15–12. This, however, is a matter for the court to determine when reviewing the State Board's final determination, not when determining jurisdiction.

Accordingly, the court finds that it possesses subject matter jurisdiction over the State Board's final determination denying IHP's petition for correction of error filed under IC 6–1.1–15–12 concerning the denial of the economic revitalization area deduction. The State Board's motion for summary judgment is hereby overruled and denied.

---

**3.** IC 6–1.1–12.1–2.5 provides a procedure to follow upon the designating body's confirmation that the area is an "economic revitalization area." IC 6–1.1–12.1–2.5(d).

**4.** "[I]f the official's [or county board's] action requires the giving of notice to the taxpayer," a

taxpayer can obtain review under IC 6–1.1–15–1 and IC 6–1.1–15–3.