**EVANSVILLE CONCRETE SUPPLY COMPANY, INC., Plaintiff,**

**v.**

**INDIANA DEPARTMENT OF STATE REVENUE, Defendant.**

**No. 82T05–9003–TA–00015.**

Tax Court of Indiana.

May 23, 1991.

R. Eugene Johnson, Statham, Johnson & McCray, Evansville, for plaintiff.

Linley E. Pearson, Atty. Gen. by Ted J. Holaday, Deputy Atty. Gen., Indianapolis, for defendant.

FISHER, Judge.

Evansville Concrete Supply Co., Inc. (Evansville Concrete) appeals the Indiana Department of State Revenue's (Department) Letter of Findings denying its claim for refund of 1985, 1986, and 1987 Indiana State Gross Retail and Use Taxes paid on the purchase of ready-mix concrete trucks, replacement parts, and fuel. The matter is before the court on Evansville Concrete's Motion for Summary Judgment solely concerning its 1985 claim for refund of sales and use tax in the amount of $40,197.99.

## FACTS

Evansville Concrete is an Indiana corporation engaged in the ready-mix concrete business and operating trucks in the Evansville, Indiana vicinity. On January 11,

1989, Evansville Concrete filed a claim for refund of 1985, 1986, and 1987 sales and use tax paid on purchases of ready-mix concrete trucks, replacement parts, and fuel in the sum of $95,930.48. The Department's Letter of Findings issued December 16, 1989, denied all Evansville Concrete's refund claims. The Department subsequently refunded the sales and use tax attributable to 1986 and 1987, and as a result, the court granted Evansville Concrete's Motion to Dismiss the 1986 and 1987 claims. On November 8, 1990, Evansville Concrete filed a Motion for Summary Judgment concerning the remaining 1985 claim for refund in the amount of $40,197.99 with interest calculated from January 20, 1986. Other facts will be supplied as necessary.

## DISCUSSION AND DECISION

The court shall grant a motion for summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Rules of Procedure, Trial Rule 56(C). Absent a genuine issue of material fact, the court may grant summary judgment only if one of the parties is entitled to judgment as a matter of law. *See C & C Oil Co. v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 570 N.E.2d 1376, 1380 (citing *State ex rel. Bd. of Dental Examiners v. Judd* (1990), Ind.App., 554 N.E.2d 829, 830). "Summary judgment may be granted in favor of either the moving or the non-moving party." *Id.* at 1378 (citing *Indianapolis Pub. Transp. Corp. v. Indiana Dep't of State Revenue* (1987), Ind.Tax, 512 N.E.2d 906, 907, *aff'd*, 550 N.E.2d 1277 (1990)).

The parties agree Evansville Concrete is entitled to a sales and use tax refund of $40,197.99 for the 1985 calendar year if the court determines its claim for refund was timely filed. In the absence of a genuine issue of material fact, the sole issue before the court is whether Evansville Concrete's 1985 claim for refund, filed on January 11, 1989, was timely or was barred as a matter of law by the three year statute of limitations period provided under IC 6–8.1–9–1. The issue's resolution turns on the court's determination of the meaning of IC 6–8.1–9–1 and consequently is subject to a ruling by summary judgment. *See Caylor–Nickel Clinic, P.C. v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 569 N.E.2d 765, 767 (quoting *Indianapolis Historic Partners v. State Bd. of Tax Comm'rs* (1990), Ind.Tax, 563 N.E.2d 1345, 1347).

Well-settled public policy underlies Indiana's treatment of statutes of limitations:

> Formerly, statutes of limitations were looked upon with disfavor in that they are invariably in derogation of the common law. 'Now, however, the judicial attitude is in favor of statutes of limitations, rather than otherwise, since they are considered as statutes of repose and as affording security against stale claims. Consequently, except in the case of statutes of limitations against the government, the courts are inclined to construe limitation laws liberally, so as to effect the intention of the legislature.' 51 AM.JUR.2d, Limitation of Actions § 50, (1970). Such statutes rest upon sound public policy and tend to the peace and welfare of society and are deemed wholesome. *Horvath v. Davidson* (1970), 148 Ind.App. 203, 264 N.E.2d 328; *Sherfey v. City of Brazil* (1938), 213 Ind. 493, 13 N.E.2d 568; *High v. Bd. of Comm'rs of Shelby County* (1883), 92 Ind. 580, 589. They are enacted upon the presumption that one having a well-founded claim will not delay enforcing it. *In re Hogan* (1921), 75 Ind.App. 53, 129 N.E. 633.

*Shideler v. Dwyer* (1981), 275 Ind. 270, 273, 417 N.E.2d 281, 283.

The legislature has the power to determine the court's jurisdiction to hear refund claims by establishing prerequisite statutory time limitations. Indiana's courts have consistently held that taxpayers must comply with statutory time limitations to invoke the jurisdiction of the court and claim the right to a tax refund. The Indiana Court of Appeals has held that compliance with the three year limitation period in IC 6–2–1–19, the precursor of IC 6–8.1–9–1, was a condition precedent to

claiming the right to a tax refund. *Dep't of Revenue v. Mumma Bros. Drilling Co.* (1977), 173 Ind.App. 487, 364 N.E.2d 167, 170, *appeal after remand,* Ind.App., 411 N.E.2d 676 (1980). The Indiana Supreme Court agreed, finding noncompliance with the time limitation in IC 6–2–1–19 bars a taxpayer's access to a judicial forum to seek a refund. *Middleton Motors, Inc. v. Indiana Department of State Revenue* (1978), 269 Ind. 282, 285, 380 N.E.2d 79, 81 (citing *Marhoefer Packing Co. v. Indiana Dep't of State Revenue* (1973), 157 Ind. App. 505, 524, 301 N.E.2d 209, 218). Similarly, this court recently found the procedural requirements of IC 6–8.1–9–1 must be met to invoke the jurisdiction of the Tax Court when a refund is sought, and the court cannot expand its jurisdiction "beyond the jurisdiction expressly provided by statute." *Gasamerica Services, Inc. v. State Dep't of Revenue* (1990), Ind.Tax, 552 N.E.2d 860, 862.

IC 6–8.1–9–1 sets forth the time limitation within which a taxpayer must file a claim for a tax refund as follows:

(a) If a person has paid more tax than he determines is legally due for a particular taxable period, he may file a claim for a refund with the department. In order to obtain the refund, the person must file the claim with the department within three (3) years after the latter of the following:

(1) the due date of the return;

(2) the date of payment; or

(3) in the case of a return filed for the state gross retail or use tax, the gasoline tax, the special fuel tax, the motor carrier fuel tax, the oil inspection fee, or the petroleum severance tax, the end of the calendar year which contains the taxable period for which the return is filed.

The Department asserts the plain meaning of IC 6–8.1–9–1(a)(3) unambiguously requires a refund claim for the six taxes enumerated (enumerated taxes) to be filed within three years after the end of the calendar year containing the taxable period at issue or be barred. When interpreting the language of a statute, a fundamental rule is that words and phrases must be given their plain, ordinary, and usual meaning. IC 1–1–4–1(1). "When the meaning of a statute is plain and unambiguous, there is no room for judicial construction." *Community Hosp. of Anderson and Madison County v. McKnight* (1986), Ind., 493 N.E.2d 775, 777.

The plain language of IC 6–8.1–9–1 provides alternative dates, the latest of which commences a three year time limit within which a claim for a tax refund must be filed to be timely and invoke the court's jurisdiction. Refund claims for taxes not enumerated in subsection (a)(3) are timely under subsection (a)(1) or (a)(2) if filed within three years after the latter of the filing due date of the return or the date of payment. These refund claims relate to the taxable periods to which each monthly, quarterly, or annual filing due date or payment date is attributable.[1]

The returns of all six enumerated taxes have due dates which relate to periods of time shorter than a calendar year.[2] Not only must an enumerated tax return be filed and payment made for each monthly, quarterly, semi-annual, or other taxable period less than a year, but also, under subsection (a)(1) or (a)(2), a separate refund

---

1. For example, a refund claim for state gross income taxes relates to a particular quarter of the calendar year when the filing due date is quarterly under IC 6–2.1–5–1(a) or to an entire year when the filing due date is annual under IC 6–2.1–5–2(b).

2. IC 6–2.5–6–1 sets forth monthly, quarterly, or semi-annual filing and payment periods for State Gross Retail and Use Taxes. The due date for filing and payment under this provision is either twenty (20) or thirty (30) days following the end of each calendar month. IC 6–6–1.1–

501 and 502 set forth monthly filing and payment periods for the Gasoline Tax with a due date of twenty (20) days following the calendar month. IC 6–6–2.1–501–507 provides for monthly payments and filing periods for Special Fuel Tax. IC 6–6–4.1–4 and 10 provide quarterly payment and filing requirements for Motor Carrier Fuel Tax. The Oil Inspection Fee must be reported and paid either at the time gasoline or kerosene are received or on a monthly basis under IC 16–6–11–9. Regulation 45 I.A.C. 6–1–5(5) requires monthly filing and payment of the Petroleum Severance Tax.

claim limitation period commences on each due date or payment date. Subsection (a)(3) provides enumerated tax refund claimants with a third alternative, permitting the three year limitation period to commence at "the end of the calendar year which contains the taxable period for which the return was filed." An enumerated tax refund claim, under subsection (a)(3), therefore may relate to a full calendar year.

The Department asserts Evansville Concrete could not file its claim for refund later than December 31, 1988, to be timely under subsection (a)(3); consequently, its January 11, 1989, claim was outside the prescribed three year limitation period. The Department concludes Evansville Concrete did not file a timely sales and use tax refund claim for the 1985 calendar year under the plain meaning of subsection (a)(3).

■ Evansville Concrete conversely contends IC 6–8.1–9–1 is ambiguous and asks the court to integrate the time allowed by subsection (a)(1) with the time allowed by subsection (a)(3) and consequently construe subsection (a)(3) as if it stated, "in the case of a return filed for the state gross retail or use tax, ... *the due date of the last return in* the calendar year which contains the taxable period for which the return is filed." If, after reading the entire act and using rules of construction, the court determines that certain words necessary to express the true intent of the legislature have been omitted, the court may read the omitted words into the statute. *Town of Homecroft v. Macbeth* (1958), 238 Ind. 57, 148 N.E.2d 563, 567 (citing *State ex rel. 1625 E. Washington Realty Co. v. Markey* (1937), 212 Ind. 59, 7 N.E.2d 989, 993). When the language of a statute is clear and unambiguous, however, "the court may not expand or contract the meaning of a statute by reading into it language to correct supposed omissions or defects." *Caylor–Nickel*, 569 N.E.2d at 769 (citing *Smiley v. State Dep't of Revenue* (1981), Ind.App., 416 N.E.2d 855, 856).

■ Evansville Concrete and the Department assert different interpretations of when the limitation period may commence

for sales and use tax refund claims pursuant to IC 6–8.1–9–1, but simple disagreement does not necessarily constitute ambiguity. *Johnson County Farm Bureau Coop. Ass'n v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 568 N.E.2d 578, 580 (citing *Indianapolis Pub. Transp. Corp. v. Indiana Dep't of State Revenue* (1987), Ind.Tax, 512 N.E.2d 906, 908 *aff'd*, Ind., 550 N.E.2d 1277 (1990)). The court will construe a statute to determine the legislature's intent only when the meaning of a statute's language is reasonably susceptible to more than one construction. *Id.* 568 N.E.2d at 580 (citing *Gary Community Mental Health Center, Inc. v. Indiana Dep't of Public Welfare* (1987), Ind.App., 507 N.E.2d 1019, 1022). Since the legislature's intent embodied in a statute constitutes the law, *Indianapolis Pub. Transp.*, 512 N.E.2d at 580 (citing *Wedmore v. State* (1954), 233 Ind. 545, 551, 122 N.E.2d 1, 4), the critical inquiry to determine if IC 6–8.1–9–1 is ambiguous is whether the legislative intent of IC 6–8.1–9–1(a)(3) is reasonably susceptible to Evansville Concrete's construction. The court finds it is not.

■ Evansville Concrete argues that its interpretation of subsection (a)(3) is consistent with the legislature's intent because it is harmonious with the act as a whole and prevents absurd or unreasonable results. Statutory rules of construction serve as aids in determining the legislature's intended meaning. *Id.* at 580 (citing *W.H. Dreves, Inc. v. Osolo School Township of Elkhart County* (1940), 217 Ind. 388, 395, 28 N.E.2d 252, 254). A fundamental rule of statutory construction requires the court to look at an act as a whole to ascertain the intent of the legislature. *Indiana Dep't of State Revenue v. Estate of Wallace* (1980), Ind.App., 408 N.E.2d 150, 154 (quoting *State ex rel. Rogers v. Davis* (1952), 230 Ind. 479, 104 N.E.2d 382). IC 6–8.1–9–1 is part of the Tax Administration Act (the Act), IC 6–8.1–1–1 *et seq.*, enacted in 1980 to establish uniformity and simplify the Department's administration, assessment, and collection of the state's taxes. *See* IC 6–8.1–1–6. Evansville Concrete and the Department agree the legislature intended

the language, "the end of the calendar year which contains the taxable period for which the return was filed," in IC 6–8.1–9–1(a)(3) to expand the scope of an enumerated tax refund claim to include a full calendar year. As a result, subsection (a)(3) relieves both the Department and taxpayers from the burden of numerous refund claim filings as would be required under subsection (a)(1) or (a)(2) to cover an identical calendar period. When calculated under subsection (a)(3), the limitation period for the final return in a calendar year is less than three years from its due date (approximately two years and eleven months), which Evansville Concrete contends is an absurd and unreasonable result. The court must construe statutes to prevent absurd or unreasonable results the legislature could not have intended. *Guinn v. Light* (1990), Ind., 558 N.E.2d 821, 823 (citing *Chaffin v. Nicosia* (1974), 261 Ind. 698, 310 N.E.2d 867, *superceded on other grounds*, Ind.App., 444 N.E.2d 1204 (1983)). Indiana has long recognized, however, that when the language of an act is explicit and does not lead to absurd results, the obvious meaning and import of the language governs. *Green v. Cheek* (1864), 5 Ind. 105, 107. Any hardship resulting from the shortened limitation period is overcome by the concomitant benefits enumerated tax refund claimants receive. The plain meaning of IC 6–8.1–9–1(a)(3) allows a full calendar year to be included within the scope of a refund claim and enlarges the limitation period for sales and use refund claims from December 31 to the twentieth or thirtieth day of January three years hence (January 20, 1989, in the instant case), more than three years from the due dates of the first eleven monthly returns in a calendar year. The court therefore finds the plain meaning of subsection (a)(3) does not lead to absurd or unreasonable results and is not inconsistent with the Act's legislative intent.

Furthermore, the plain meaning of subsection (a)(3) does not render subsection (a)(1) and (a)(2) meaningless for enumerated tax refund claimants. Subsection (a)(3) will normally provide the latest date from which the limitation period for enumerated tax refund claims will commence, but subsection (a)(1) and (a)(2) are still alternatives which may provide yet a later starting date. The instant case is itself an example. Evansville Concrete filed and paid its 1985 sales and use taxes on or before twenty days after the end of each calendar month pursuant to IC 6–2.5–6–1(a). Even if Evansville Concrete's claim for refund regarding the entire 1985 calendar year was barred because it was filed after the December 31, 1988, deadline prescribed by subsection (a)(3), the December 1985 portion of the claim is timely under subsection (a)(1) since the refund claim was filed prior to the limitation period's expiration on January 20, 1989. Therefore, the due date of a return remains meaningful for commencing the limitations period of an enumerated tax refund claim and is not meaningless for enumerated tax refund claimants in light of the plain meaning of IC 6–8.1–9–1(a)(3).

██ The critical date upon which the limitation period for a refund claim commences is different for the various taxes under IC 6–8.1–9–1. Although the court recognizes that time limitations on the assertion of a claim for refund could result in inequities in particular cases, the plain meaning of subsection (a)(3) does not create a trap for the unwary. "All persons are charged with the knowledge of the rights and remedies prescribed by statute." *Middleton Motors*, 269 Ind. at 285, 380 N.E.2d at 81. Furthermore, when the legislature enacts procedural timetables as a prerequisite to exercising a right or remedy, those procedures cannot be circumvented. *Id.*

The court hereby DENIES Evansville Concrete's motion for summary judgment concerning that portion of the tax attributable to January 1985 through November 1985 because its claim for refund was not timely filed as a matter of law under IC 6–8.1–9–1(a)(3).

Accordingly, the court GRANTS summary judgment in favor of the Department. Additionally, the court hereby GRANTS Evansville Concrete's motion for summary judgment for the tax attributable to De-

cember 1985 because its 1985 claim for refund was timely filed as a matter of law under IC 6–8.1–9–1(a)(1) as it concerns the month of December 1985. The court therefore ORDERS the Indiana Department of State Revenue to refund to Evansville Con- crete the tax and interest attributable to December 1985.

ORDERED this 23rd day of May, 1991.