**K & I ASPHALT, INC., Petitioner,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

**No. 49T10–9309–TA–00071.**

Tax Court of Indiana.

Aug. 15, 1994.

---

Norman R. Garvin, Lynne D. Lidke, Steven A. Pletcher, Scopelitis, Garvin, Light & Hanson, Indianapolis, for petitioner.

Pamela Carter, Atty. Gen., Kathryn Symmes Hall, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

The Petitioner, K & I Asphalt, Inc. (K & I), appeals the final determination of the Respondent, the Indiana Department of State Revenue (the Department), denying K & I's claim for refund of gross retail (sales) tax for 1989. The matter is before the court on the parties' cross motions for summary judgment.

### ISSUE

The court consolidates the issues raised by the parties as:

Whether K & I's claim for refund of sales tax, paid directly to its vendors throughout the 1989 calendar year, was timely filed on December 30, 1992.

1. K & I and the Department have agreed, however, that the use tax portion of the 1989 Claim for

### FACTS

The undisputed material facts reveal that K & I is an Indiana corporation, with its principal place of business in Sellersburg, Indiana. K & I, engaged in the business of asphalt production, operates trucks, pavers, rollers, and related equipment necessary for the transportation of asphalt mix from the production plant to the job site. In 1989, K & I operated an asphalt manufacturing facility. During 1989, K & I purchased equipment, repair parts, and fuel used in the manufacture of asphalt. K & I paid sales and use tax on those purchases.

On December 31, 1992, K & I filed a Claim for Refund of sales and use tax paid on various purchases made during 1989. K & I based its Claim for Refund on IND.CODE 6–2.5–5–3, which provides that the acquisition of property for the "direct use in the direct production, manufacture, fabrication, ... processing, refining, or finishing of other tangible personal property" is exempt from sales tax. On June 12, 1993, the Department issued its final determination denying K & I's 1989 Claim for Refund because it was filed outside the statutorily prescribed limitation period in IND.CODE 6–8.1–9–1(a).[1]

### STANDARD OF REVIEW

■ At the outset, the court reiterates the familiar standard of review for summary judgment motions. When reviewing a motion for summary judgment, the court is to grant the motion only if no genuine issue of material fact exists and a party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Harlan Sprague Dawley, Inc. v. Indiana Dep't of State Revenue* (1992), Ind. Tax, 605 N.E.2d 1222, 1224 (citing *C & C Oil Co. v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 570 N.E.2d 1376, 1378). "[E]ach party to a summary judgment motion must designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion." *Rosi v. Business Furniture*

Refund was timely filed.

*Corp.* (1993), Ind., 615 N.E.2d 431, 434 (quoting T.R. 56(C)). If, after reviewing the designated evidentiary materials, the court determines no genuine issue of material fact exists, it may grant summary judgment to either party. *C & C Oil Co.*, 570 N.E.2d at 1378 (citing *Indianapolis Pub. Transp. Corp. v. Indiana Dep't of State Revenue* (1987), Ind.Tax, 512 N.E.2d 906, 907, *aff'd* (1990), Ind., 550 N.E.2d 1277).

### DISCUSSION AND DECISION

In the present case, the parties do not dispute the material facts, but rather the interpretation of IC 6–8.1–9–1(a), which provides:

> If a person has paid more tax than the person determines is legally due for a particular taxable period, the person may file a claim for a refund with the department. In order to obtain the refund, the person must file the claim with the department within three years (3) after the latter of the following:
>
> (1) the due date of the return;
>
> (2) the date of payment; or
>
> (3) in the case of a return filed for the state gross retail or use tax, the gasoline tax, the special fuel tax, the oil inspection fee, or the petroleum severance tax the end of the calendar year which contains the taxable period for which return is filed.
>
> The claim must set forth the amount of refund to which the person is entitled and the reasons that the person is entitled to a refund.

IC 6–8.1–9–1(a). Thus, IC 6–8.1–9–1(a) offers taxpayers three separate and distinct events from which a three year limitation period commences for filing a claim for refund with the latter of the three events.

 This court examined IC 6–8.1–9–1(a) as it relates to the limitation periods for filing a claim for refund of sales and use tax in *Evansville Concrete Supply Co. v. Indiana Department of State Revenue* (1991), Ind. Tax, 571 N.E.2d 1350. In that case, the

court found that IC 6–8.1–9–1(a)(3) was unambiguous in permitting a refund claim for the six taxes it enumerates to be filed within three years of "the end of the calendar year which contains the taxable period for which the return was filed." *Id.* at 1352–53. In doing so, the court looked to the legislative intent of IC 6–8.1–9–1 and determined that IC 6–8.1–9–1, as part of the general Tax Administration Act, was enacted to establish "conformity and [to] simplify the Department's administration, assessment, and collection of the State's taxes." *Id.* (citing IC 6–8.1–1–6). Consequently, the court concluded that "[s]ubsection (a)(3) relieves both the Department and taxpayers from the burden of numerous refund claim filings as would be required under subsection (a)(1) or (a)(2) to cover an identical calendar period." *Id.* at 1354. Nevertheless, the Department argues that when a taxpayer pays sales tax directly to a vendor and does not file a return, the limitation period commences under IC 6–8.1–9–1(a)(2) rather than under IC 6–8.1–9–1(a)(3). The court disagrees.

The limitation period in IC 6–8.1–9–1(a)(3) commences when *a return* is filed for sales tax purposes. The return in IC 6–8.1–9–1(a)(3) is presumed to be the return of the vendor.[2] Nevertheless, the Department, like the petitioner in *Evansville Concrete Supply*, attempts to read extra language into the statute: The Department reads (a)(3) as though it states "In the case of a return filed [by the taxpayer] for state gross retail or use tax. . . ." "[T]he court may not expand or contract the meaning of a statute by reading into it language to correct supposed omissions or defects." *Id.* at 1353 (quoting *Caylor–Nickel Clinic, P.C. v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 569 N.E.2d 765, 769). Therefore, IC 6–8.1–9–1(a)(3) uses "a return" to mean any return filed with regard to the tax and thus is available just as it is when the taxpayer files its own return.

The court also looks to the legislative intent of IC 6–8.1–9–1(a)(3). "The person who acquires property in a retail transaction is liable for the tax on the transaction and . . .

---

**2.** This presumption is made because if the taxpayer was required to file a return and did not the Department would nevertheless seek filing

and collection of the tax from the taxpayer. The Department does not.

shall pay the tax to the retail merchant as a separate added amount to the consideration in the transaction." IND.CODE 6–2.5–2–1(b). Under the Department's interpretation, a taxpayer who paid sales tax directly to a vendor could possibly have 365 separately commenced limitation periods for claiming a refund in one year. The Department's interpretation thereby negates the relief that IC 6–8.1–9–1(a)(3) was intended to offer: the elimination of multiplicitous claims for refunds.

A Claim for Refund of sales tax regardless whether paid directly to a vendor or to the Department, must be filed within three years of the end of the calendar year which contains the taxable period for which the return was filed. Therefore, K & I's Claim for Refund of sales tax paid in 1989 must be filed within three years of December 31, 1989. In the present case, the end of the limitation period is December 31, 1992. K & I filed its Claim for Refund on December 30, 1992. Thus, K & I's filing was timely.

## CONCLUSION

K & I timely filed its Claim for Refund of sales and use tax for the calendar year 1989. Therefore, the court GRANTS K & I's motion for summary judgment and DENIES the Department's motion for summary judgment. The Department's final determination is hereby REVERSED.