**KENTRON, INC., Successor in Interest to U.S. Conversions, Inc., Concept Editions, Inc., Premier Editions, Inc., Leisure Editions, Inc., and Lands Design Corporation, Petitioner,**

v.

**STATE BOARD OF TAX COMMISSIONERS and State of Indiana, Respondents.**

No. 71T05–8911–TA–00052.

Tax Court of Indiana.

June 11, 1991.

Michael A. Cosentino, Slabaugh, Cosentino, Arko, Walker & Shewmaker, Elkhart, for petitioner.

Linley E. Pearson, Atty. Gen. by Ted J. Holaday, Deputy Atty. Gen., Indianapolis, for respondents.

FISHER, Judge.

Kentron, Inc. (Kentron) appeals the State Board of Tax Commissioners' (State Board) final determination, finding Kentron and the predecessor corporations waived the exemption provided by IC 6–1.1–10–29 and 6–1.1–10–30. In its final determination, the State Board assessed personal property for the tax years 1984, 1985, 1986, and 1987 in the amounts of $1,337,400, $867,810, $876,070, and $371,610, respectively. This matter comes before the court on Kentron's motion for summary judgment and the State Board's response thereto.

### FACTS

Kentron submitted the affidavit of Richard K. Roush, executive vice-president for Kentron, setting forth the following facts. Kentron's place of business is located in Osolo township in Elkhart County, Indiana. Kentron is the successor-in-interest to several companies,[1] hereinafter referred to as "predecessor corporations." These predecessor corporations manufactured personal property consisting of van chassis. At the time of the assessments, Roush stated the property was awaiting shipment under purchase orders from customers located outside Indiana and ultimately was shipped to

---

**1.** Kentron, Inc. is the successor-in-interest to U.S. Conversions, Inc., Concept Editions, Inc., Premier Editions, Inc., Leisure Editions, Inc., and Lands Design Corporation.

the customers in interstate commerce. The predecessor corporations' accounting procedures treated all the property under purchase orders, awaiting shipment as sold and not as part of the inventory value reported on the corporations' personal property tax returns. The State Board determined the cost basis of the property excluded from inventory totalled $7,488,063. The State Board further determined the personal property should have been included in the inventory of record reported on Schedule B of Form 103, and Kentron's failure to report the property and claim the exemption on its return constituted a waiver of the exemption. Roush claims the finished units awaiting shipment out-of-state qualified for the exemption provided by both IC 6–1.1–10–30 and the interstate commerce clause of the United States Constitution. Roush further maintains the State Board would have allowed the exemption for the finished units if the predecessor corporations had not failed to claim the exemption, waiving it under IC 6–1.1–11–1.

In opposition to Roush's affidavit, the State Board submitted the affidavits of Robert A. Morgan, Director of the Personal Property Division of the State Board, and Theodore R. Jacobson, Field Auditor of the Personal Property Division. Morgan, the hearing officer at Kentron's administrative hearing, refutes Kentron's contention that either Kentron or its predecessors proved all the personal property was awaiting shipment under purchase orders from customers located outside Indiana and was ultimately shipped in interstate commerce. The State Board requires original documents such as purchase orders, shipping invoices, or other shipping documents, termed by the State Board as source documents, to substantiate a taxpayer's books and records. Instead of producing the required source documents, Kentron relied upon work papers prepared by Kentron, consisting of a summary accounting of vehicles. Kentron never produced the documents necessary to substantiate its claim of exemption. The State Board did not

pursue the documentation problem, however, because Kentron had not claimed the exemption on its tax return. From the balance sheet and the work papers that were submitted, it was clear that Kentron's normal method of accounting was a procedure used exclusively for reporting inventory for property tax purposes, and because Kentron and the predecessor corporations failed to claim the exemption, the State Board did not examine whether the goods would otherwise qualify for exemption. The information supplied in the taxpayer's own work papers was not sufficient to prove the property at issue qualified for exemption because the goods were not finished and ready for shipment.[2]

Theodore R. Jacobson, State Board Field Auditor, states:

> [A]t no time during the course of the affiant's meetings with representatives of the Petitioner were documents, such as purchase orders and shipping invoices, presented to establish or support a claim that at all times relevant hereto all of the personal property in question manufactured by the predecessor corporations was awaiting shipment under purchase orders from customers located outside the State of Indiana, and was ultimately shipped in interstate commerce to such customers.

## CONTENTIONS

Kentron contends the State Board ignored precedential cases where courts have permitted a taxpayer to claim a federal exception from state taxation by protesting payment, irrespective of procedural requirements imposed by the state. Furthermore, the State Board's finding that Kentron waived its rights to the exemption is contrary to law because the State Board failed to follow the correct legal standard when it failed to determine whether Kentron knowingly and intentionally waived the exemption.

2. Van chassis placed in bailment pools that were owned and reported for assessment by taxpayers other than the predecessor corporations were not included in the final assessment determination of the State Board.

Conversely, the State Board contends Kentron is not entitled to summary judgment because substantial and material issues of fact remain to be determined and the grounds on which Kentron claims the exemption are contrary to law. Furthermore, the State Board claims it did not determine whether Kentron's property would otherwise qualify for exemption since Kentron had not properly claimed the exemption. No dispute exists that purchase orders and shipping invoices were not presented to prove the inventory was awaiting shipment. Moreover, many of the chassis did not qualify for exemption, according to the State Board, because they were unfinished raw materials, some only three percent (3%) completed. The State Board further contends Indiana's property taxation scheme is based upon self-assessment and full disclosure, requiring all property to be reported. IC 6-1.1-3-9. Full disclosure enables a just and equal valuation of all property. Kentron failed to comply with the full disclosure requirement, because even though property is not included on the taxpayer's books and records, it still must be reported. 50 I.A.C. 4.1-3-4.

## WRITTEN FINDINGS

The State Board's Written Findings provide in pertinent part:

> The remaining question ... is whether ... the Taxpayers are entitled to an exemption that was not claimed on their self-assessment returns. When claiming an exemption on goods considered to be in interstate commerce, Indiana Code 6-1.1-10-31 [3] required that the exemption be shown on the personal property return. . . .

A logical interpretation of [IC 6-1.1-10-31 is] ... that the property must be reported on the personal property return and the exemption claimed must also be shown on the return. In this way, assessing officials can carry out their statutorily imposed review requirements. . . .

In the present case, the property in question was omitted from the returns and no exemption claim was made on this property [as required by IC 6-1.1-11-1 [4]]. . . . Indiana Code 6-1.1-10-31 contained the procedures necessary to claim an interstate commerce exemption and IC 6-1.1-11-1 requires compliance with these procedures. The State Board does not believe that the Taxpayers have followed the statutory procedures for obtaining an exemption on the property in question. In the case of *State Board of Tax Commissioners v. Stanadyne, Inc.* (Ind.App; [sic] 1982) 435 N.E.2d 278, the Indiana Court of Appeals (Third District) held that:

> Stanadyne claims that it did not waive the exemption, but rather that it merely claimed an incorrect amount. As such, it is argued that the Board has the power to increase as well as decrease exemption claims. However, IC 1971, 6-1.1-11-1, *supra*, requires compliance with the statutory procedures for obtaining an exemption.

> \* \* \* \* \* \*

> In addition, it should be noted that exemptions from taxation are not favored by the law, and that the tax statutes are therefore strictly construed against the party claiming an exemption thereunder. *Ind. Dept. of*

(Emphasis added.)

---

**3.** IC 6-1.1-10-31 provides:

Sec. 31. A person who:
(1) is required to file a personal property return;
(2) has personal property in a warehouse or a foreign trade zone on the assessment date of any year; and
(3) wishes to claim the exemption provided under section 29, section 30, or section 30.5 of this chapter;
*shall report on his personal property return, in the manner prescribed by the state board of tax commissioners, the true cash value of the property for which the exemption is claimed.*

**4.** IC 6-1.1-11-1 provides:

Sec. 1. An exemption is a privilege which may be waived by a person who owns tangible property that would qualify for the exemption. *If the owner does not comply with the statutory procedures for obtaining an exemption, he waives the exemption.* If the exemption is waived, the property is subject to taxation.
(Emphasis added.)

*State Revenue v. The Boswell Oil Co.* (1971), 148 Ind.App. 569, 268 N.E.2d 303. Stanadyne is therefore *permitted an exemption,* but *only to the extent claimed on its return.*

(Emphasis added; footnote omitted.)

Clearly, *Stanadyne* is directly on point in the matter before the State Board. The Taxpayers are seeking exemptions that were not claimed on their returns for the years at issue. For this reason, the State Board must find against the Taxpayers.

A second case directly on point is *Gulf Stream Coach, Inc. v. State Board of Tax Commissioners* [ (Ind.Tax.1988) 519 N.E.2d 238].... [where t]he Indiana Tax Court stated that:

> The requirement of full disclosure is not a trap for the unwary, it is a clear and necessary procedure to insure fair and accurate administration of the property tax laws.... (F)ailure to follow proper procedure for claiming the exemption constitutes a waiver of the exemption as provided by statute.

The State Board believes that with *Stanadyne* and *Gulf Stream,* there is more than sufficient statutory and case law to deny the Taxpayers an exemption that was not claimed on their returns for the years in issue.

(*State Board's Written Findings,* September 19, 1989) (footnotes added) (citation omitted).

In its motion for summary judgment, Kentron asks the court to find the State Board erred in determining Kentron waived the interstate commerce exemption and that the penalties and interest were improperly assessed.

## ISSUES

The issues are whether there is a genuine issue of material fact concerning whether Kentron waived the exemption provided for property awaiting shipment under purchase orders and whether the State Board correctly imposed penalties and interest against Kentron.

## DISCUSSION AND DECISION

"The court's review is limited to determining whether the State Board's determination 'is supported by substantial evidence, is an abuse of discretion, is arbitrary or capricious, or is in excess of the State Board's statutory authority.'" *Lakeview Country Club, Inc. v. State Bd. of Tax Comm'rs* (1991), Ind.Tax, 565 N.E.2d 392, 394 (citing *Hatcher v. State Bd. of Tax Comm'rs* (1990), Ind.Tax, 561 N.E.2d 852, 853).

The pleadings, affidavits, discovery responses, and depositions are viewed in a light most favorable to the non-moving party to determine whether any genuine issue of material fact exists. *Progressive Constr. & Eng'r Co. v. Indiana & Michigan Elec. Co.* (1989), Ind.App., 533 N.E.2d 1279; *see also C & C Oil Co. v. Indiana Dep't of State Revenue* (1991), 570 N.E.2d 1376, 1378. If a real conflict regarding a fact dispositive of the litigation does not exist, summary judgment is appropriate even though conflicting facts and inferences may exist regarding certain elements of a claim. *Watson v. Medical Emergency Services, Corp.* (1989), Ind.App., 532 N.E.2d 1191, 1196; *see C & C Oil Co.,* at 1378. The party moving for summary judgment has the initial burden of establishing the lack of a material fact. *Willsey v. Peoples Fed. Sav. and Loan Ass'n* (1988), Ind.App., 529 N.E.2d 1199, 1205. If the moving party establishes that no genuine issue of material fact exists, the non-moving party must set forth the specific facts showing a genuine issue of material fact is in dispute to prevent summary judgment from being entered. *Id.* at 1205; Ind. Rules of Procedure, Trial Rule 56(E).

■ The affidavits reveal an issue of fact exists, whether Kentron submitted sufficient evidence to prove the property qualified for an exemption under IC 6–1.1–10–30(b). The issue of whether Kentron's property actually qualified for an exemption under IC 6–1.1–10–30 or IC 6–1.1–10–29, however, was not mentioned by the State Board in its final determination; the State Board determined only that Kentron waived the exemption. Because the issues

determined by the State Board are generally the only issues this court may review, *see Scheid v. State Board of Tax Commissioners* (1990), Ind.Tax, 560 N.E.2d 1283, issues of fact relating to whether Kentron's property actually qualified for the exemption under IC 6–1.1–10–30 or IC 6–1.-1–10–29 which were not determined by the State Board will not prevent summary judgment. *See C & C Oil*, at 1378 (citing *Willsey v. Peoples Fed. Sav. and Loan Ass'n* (1988), Ind.App., 529 N.E.2d 1199, 1206 n. 5). The sole issue before the court therefore concerns Kentron's waiver of the exemption. "Summary judgment may be granted in favor of either the moving or the non[-]moving party." *C & C Oil*, at 1378 (citing *Indianapolis Pub. Transp. Corp. v. Indiana Dep't of State Revenue* (1987), Ind.Tax, 512 N.E.2d 906, 907, *aff'd*, 550 N.E.2d 1277 (1990)).

There is no factual dispute regarding whether Kentron claimed the exemptions provided by IC 6–1.1–10–30(b) [5] or IC 6–1.1–10–29,[6] or any other applicable exemption provided by statute. The evidence clearly shows Kentron did not claim an exemption. The issue is whether Kentron's failure to claim an exemption constitutes waiver of the exemption as a matter of law or whether the State Board should have inquired further to determine if Kentron knowingly and intentionally waived the exemption.

Kentron contends there is no evidence that it intentionally and knowingly waived its right to the interstate commerce exemption, and its failure to report the constitutionally exempt property indicates Kentron believed the finished units to be outside the constitutional jurisdiction of the Indiana

taxing authority. Conversely, the State Board contends federal standards concerning waiver are irrelevant because Kentron's claim for exemption was purely statutory, therefore, Kentron was required to comply with the full disclosure requirements. The State Board maintains Kentron's property was not in interstate commerce because it had not been loaded onto a common carrier for out-of-state shipment at the time of the assessment, nor had the goods begun their journey out-of-state. Therefore, the State Board contends, Kentron's right is not a constitutional one, but purely statutory. Furthermore, even if Kentron did possess a constitutional right to an interstate commerce exemption, the State Board claims it was waived by Kentron's failure to comply with procedural rules.

Were it not for the reasoning of the Supreme Court in *Dennis v. Higgins* (1991), —— U.S. ——, 111 S.Ct. 865, 112 L.Ed.2d 969, this court would promptly find Kentron waived the exemption by not reporting the personal property and claiming an exemption on its personal property tax return. *Gulf Stream Coach, Inc. v. State Bd. of Tax Comm'rs* (1988), Ind.Tax, 519 N.E.2d 238. In *Gulf Stream*, a case nearly identical to the case at bar, the taxpayer failed to report finished units that were sold and removed from the taxpayer's books and records on its personal property tax return. This court held that Gulf Stream was required to report all inventory, irrespective of its chosen method of accounting:

> . . . .
> (d) An exemption provided by this section applies only to the extent that the property is exempt from taxation under the commerce clause of the Constitution of the United States.

**6.** IC 6–1.1–10–29 provides:

> Personal property owned by a manufacturer or processor is exempt from property taxation if the owner is able to show by adequate records that the property is stored and remains in its original package in an instate warehouse for the purpose of shipment, without further processing, to an out-of-state destination.

**5.** IC 6–1.1–10–30 provides in pertinent part:

> (b) Subject to the limitation contained in subsection (d) of this section, personal property is exempt from property taxation if:
> (1) the property has been placed in its original package in a public or private warehouse for the purpose of shipment to an out-of-state destination;
> (2) the property remains in the original package and in the public or private warehouse; and
> (3) the property had been ordered and is ready for shipment in interstate commerce to a specific known destination to which the property is subsequently shipped.

[I]f management election among acceptable options were dispositive for tax purposes, a firm, indeed, could decide unilaterally—within limits dictated only by its accountants—the tax it wished to pay....

If Gulf Stream's contentions are correct and the exemption can be claimed by merely omitting any mention of the inventory on the tax return, then Schedule B would simply have one line entitled 'Inventory Subject to Tax.' If this 'method' of claiming the exemption were permitted, the State Board would have to conduct a full audit of every taxpayer to ascertain whether there was any inventory omitted, and if so, whether the omission was proper: This would result in an impossible burden on the administration of the property tax. The requirement of full disclosure is not a trap for the unwary, it is a clear and necessary procedure to insure fair and accurate administration of the property tax.

*Id.* at 241–42.

Rather than a trap for the unwary, the court stated the full disclosure requirement was a "necessary procedure to insure fair and accurate administration of the property tax." *Id.* at 242.

Gulf Stream further claimed a constitutional right under the commerce clause to the exemption which it had not intentionally relinquished. This court rejected Gulf Stream's claim on the principle that the commerce clause protects commerce, not individual taxpayers, thereby precluding the need to find that the taxpayer intentionally relinquished a constitutional right. *Id.* at 242. The Supreme Court, however, recently held in *Dennis* that the commerce clause indeed does guarantee individual rights in the context of a claim brought under 42 U.S.C. § 1983. *Dennis*, —— U.S. at ——, 111 S.Ct. at 871. The State Board contends the Court's holding in *Dennis* is

not applicable because Kentron's claim is not based upon 42 U.S.C. § 1983; however, individual rights secured by the commerce clause do not depend upon the type of action a taxpayer chooses to bring. Therefore, to the extent the exemption claimed is based solely upon the commerce clause of the United States Constitution, any waiver of the exemption must knowingly and intentionally be made. Nonetheless, even rights based upon the United States Constitution may be regulated by reasonable procedural requirements.[7]

■ Although Kentron alleges its property is exempt under the commerce clause, Kentron does not present any facts to support its claim. The facts presented by Kentron indicate the property is exempt, if at all, under IC 6–1.1–10–30(b) and not under the commerce clause. If property is "actually in transit to another State, it becomes the subject of interstate commerce, and is exempt from local assessment." *Kelley v. Rhoads* (1903), 188 U.S. 1, 7, 23 S.Ct. 259, 262, 47 L.Ed. 359. Even if the trip is temporarily interrupted, the property remains in interstate commerce if the continuity of the trip is maintained. *Carson Petroleum Co. v. Vial* (1929), 279 U.S. 95, 49 S.Ct. 292, 73 L.Ed. 626. "[I]nterstate commerce is a practical conception, and, ... a tax to be valid 'must not in its practical effect and operation burden interstate commerce.'" *Eureka Pipe Line Co. v. Hallanan* (1921), 257 U.S. 265, 272, 42 S.Ct. 101, 103, 66 L.Ed. 227. The record does not provide any evidence that Kentron's property had entered the stream of commerce or started its journey. According to Kentron's submitted affidavit, the finished property is awaiting shipment out-of-state under purchase orders. The court therefore finds Kentron's property was not in interstate commerce or subject to the commerce clause.[8] Accordingly, Kentron

---

7. See *Chesney v. Byram* (1940), 15 Cal.2d 460, 101 P.2d 1106; *State v. Allred* (1948), 67 Ariz. 320, 195 P.2d 163; *Nelson Machinery Co. v. Yavapai County* (1971), 108 Ariz. 8, 491 P.2d 1132; *Simmons v. Byrd* (1922), 192 Ind. 274, 136 N.E. 14.

8. Although the State Board did not expressly find that Kentron's property was not in interstate commerce, for purposes of determining the applicable test for waiver, the court can now make this determination because Kentron and the State Board have submitted affidavits concerning this issue and both parties, especially

must rely on IC 6–1.1–10–30(b) for its exemption, and the court is not required, under the commerce clause, to determine whether the reporting requirements under IC 6–1.1–10–31 and IC 6–1.1–11–1 are reasonable procedural regulations or whether Kentron's failure to claim the exemption is a knowing and intentional waiver.[9]

In *State Board of Tax Commissioners v. Philco–Ford Corporation* (1976), Ind.App., 356 N.E.2d 1379, the Indiana Court of Appeals held that the taxpayer's property was exempt under the predecessor to IC 6–1.1–10–30, IC 6–1.1–24–5, only if the property was also exempt from property taxation under the commerce clause. *Id.* at 1382. The court found that because the property was not exempt under the commerce clause, no exemption could be permitted under IC 6–1.1–24–5, which provided in pertinent part: "In construing this section, goods, wares and merchandise shall be exempt only to the extent that they are exempt from ad valorem taxes under the commerce clause ... of the Constitution of the United States." *Id.* at 1381. In 1977, however, the Indiana Supreme Court held:

> If Ind.Code § 6–1–24–5 (Burns 1971), is to have meaning other than as a restatement of the rights of the taxpayer under the Commerce Clause, the last sentence of the statute *could only be meant as a limiting provision. The exemption created is to be only from what the state could tax in the area of ad valorem taxation under the Commerce Clause of the United States Constitution, not from any other possible area of taxation.*

*State Bd. of Tax Comm'rs v. Carrier Corp.* (1977), 266 Ind. 615, 620, 365 N.E.2d 1385, 1388 (emphasis added), *reh'g denied,* 266 Ind. 615, 368 N.E.2d 1153.

 "Since the exemption is purely statutory, the state may state the requirements for its utilization and waiver." *Gulf*

*Stream Coach,* 519 N.E.2d at 242. The exemption granted by IC 6–1.1–10–30(b) is given to property which the state could tax, if it so desired; otherwise, there would be no need for the legislature to enact the statute. The effect of IC 6–1.1–10–30(b) is to broaden the definition of interstate commerce to include property under purchase order, awaiting shipment out-of-state. Although the exemption relates to interstate commerce, without the statute, Kentron's property could not be exempt. Since all persons are charged with knowing their rights and remedies prescribed by statute, *Evansville Concrete Supply v. Indiana Department of State Revenue* (1991), Ind. Tax, 571 N.E.2d 1350, 1354 (citing *Middleton Motors, Inc. v. Indiana Department of State Revenue* (1978), 269 Ind. 282, 285, 380 N.E.2d 79, 81), Kentron was required to comply with IC 6–1.1–10–31 and IC 6–1.1–11–1 to obtain the exemption provided by IC 6–1.1–10–30(b) or any other exemption provided by statute.

Kentron favorably cites a number of cases in an attempt to prove that Kentron's right to the exemption is absolute. These cases, however, involve property that was not taxable in the first instance, and when the property was taxed, the state attempted to deny a refund based on a failure to comply with the state's procedural requirements. In *Ward v. Board of County Comm'rs* (1920), 253 U.S. 17, 40 S.Ct. 419, 64 L.Ed. 751, the Supreme Court held that the state was required to pay back money coercively collected from Indians whose land was exempt from taxation under a law passed by Congress. Because payment was coerced, no statutory authority was essential to enable or require the county to refund the money. *Id.* at 24, 40 S.Ct. at 422. The Court held in *Carpenter v. Shaw* (1930), 280 U.S. 363, 50 S.Ct. 121, 74 L.Ed. 478, that "a denial by a state court of

---

Kentron, have extensively and fully briefed the issue. *See Scheid,* 560 N.E.2d at 1285.

**9.** If, however, the facts indicated Kentron owned property being transported through Indiana, in the flow of commerce, the exemption would be based upon the commerce clause,

and determinations would be required concerning whether it was a reasonable procedural regulation for the State Board to stop and assess property traveling in vehicles through Indiana and whether Kentron's failure to report and claim an exemption was a knowing and intentional waiver of the exemption.

recovery of taxes exacted in violation of the laws or the Constitution of the United States by compulsion is itself in contravention of the 14th amendment." *Id.* at 369, 50 S.Ct. at 123. *See also Board of Comm'rs v. United States* (1939), 308 U.S. 343, 60 S.Ct. 285, 84 L.Ed. 313; *Muskogee County v. United States* (10th Cir.1943), 133 F.2d 61, *cert. denied,* 319 U.S. 745, 63 S.Ct. 1033, 87 L.Ed. 1701 (1943); *Dewey County v. United States* (8th Cir.1928), 26 F.2d 434, *cert. denied,* 278 U.S. 649, 49 S.Ct. 94, 73 L.Ed. 561 (1928); *Salthouse v. Board of Comm'rs* (1924), 115 Kan. 668, 224 P. 70 (state's attempt to impose tax on United States government obligations, property beyond the state's constitutional taxing authority, was void, and administrative limitations could not limit the taxpayer's right to challenge constitutionally void act). These cases are distinguishable because the property at issue was never subject to tax, whereas, Kentron's property is subject to tax unless it receives a statutory exemption under IC 6–1.1–10–30(b) or IC 6–1.1–10–29.

■ Accordingly, the court finds that Kentron was required to comply with the statutory procedures set forth in IC 6–1.1–10–31 and IC 6–1.1–11–1 to receive the exemption provided under IC 6–1.1–10–30(b). Failing to comply, Kentron has waived the exemption privilege as a matter of law. The State Board's final determination finding that Kentron waived the exemption is supported by substantial evidence, is according to law, and is not arbitrary or capricious.

■ Kentron further contends that the State Board's imposition of penalties under IC 6–1.1–37–7 was erroneous because the predecessor corporations were not required to report the personal property value on their respective returns, and therefore, there was no understatement of the value of personal property. According to the court's holding in this case, however, the predecessor corporations were required to report the property on their personal property returns. Because the legislature grants no discretion in the imposition of penalties under IC 6–1.1–37–7 when property is undervalued more than five percent of the value that should have been reported by the taxpayer, the court finds the State Board's imposition of penalties and interest is supported by substantial evidence, is not an abuse of discretion, and is not arbitrary or capricious. *See Gulf Stream Coach,* 519 N.E.2d at 243.

Accordingly, Kentron's motion for summary judgment is denied.