**KNAUF FIBER GLASS, GmbH, Petitioner,**

v.

**STATE BOARD OF TAX COMMISSIONERS, Respondent.**

No. 49T10–9303–TA–00016.

Tax Court of Indiana.

Feb. 25, 1994.

Robert T. Thopy, McNeely, Sanders, Stephenson & Thopy, Shelbyville, for petitioner.

Pamela Carter, Atty. Gen. of Indiana and Ted J. Holaday, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

The Petitioner, Knauf Fiber Glass, GmbH (Knauf), appeals the final determination of the Respondent, the State Board of Tax Commissioners (the State Board), denying in part Knauf's claim for an Economic Revitalization Area (ERA) deduction for 1992.

## ISSUE

Whether Knauf is entitled to an ERA deduction for manufacturing equipment installed in its facility before the area was declared an ERA.

## FACTS

Knauf manufactures fiber glass insulation products in its Shelbyville, Indiana facility. Between March 1 and September 9, 1991, Knauf installed manufacturing equipment (the equipment in question) in its facility at a cost of $1,063,477.

On September 9, 1991, the Shelbyville Common Council (the Council) declared the area in which Knauf operates an ERA. At the same time, the Council waived Knauf's requirement to file the statement of benefits form required under IND.CODE 6–1.1–12.1–4.5. Knauf had, however, filed the statement of benefits form with the Council that day.[1]

In June 1992, Knauf filed an application for an ERA deduction from assessed valuation of the equipment in question. The State Board denied the deduction because the area was not designated an ERA before the equipment in question was installed. The matter is now before the court on Knauf's motion for summary judgment. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

A motion for "[s]ummary judgment may be granted only when there is no genuine issue of material fact and a party is entitled to judgment as a matter of law." *Horizon Bancorp v. Indiana Dep't of State Revenue* (1993), Ind.Tax, 626 N.E.2d 603, 605 (citing *Harlan Sprague Dawley, Inc. v. Indiana Dep't of State Revenue* (1992), Ind.Tax, 605 N.E.2d 1222, 1224). *See also* Ind.Trial Rule 56. Either the movant or the non-movant may be granted summary judgment. *C & C Oil Co. v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 570 N.E.2d 1376, 1378 (citing *Indianapolis Pub. Transp. Corp. v. Indiana*

---

1. The State Board argues that the Council did not have the authority under IND.CODE 6–1.1–12.1–5.8 to waive Knauf's statement of benefits form. This argument is moot, as Knauf filed its statement of benefits form with the Council the same day the Council waived the requirement for Knauf.

*Dep't of State Revenue* (1987), Ind.Tax, 512 N.E.2d 906, 907, *aff'd* (1990), Ind., 550 N.E.2d 1277). The evidence presented in a summary judgment case will be viewed in the light most favorable to the non-movant. *Horizon,* 626 N.E.2d at 604–05 (citing *C & C Oil,* 570 N.E.2d at 1379).

■ If there is no genuine issue of material fact, the court's task is to apply the law to the undisputed facts. See *SFN Shareholders v. Indiana Dep't of State Revenue* (1992), Ind.Tax, 603 N.E.2d 194, 196–197. Cases, like the case at bar, which call on the court to construe statutes are particularly amenable to resolution by summary judgment. *Bulkmatic Transp. Co. v. Indiana Dep't of State Revenue* (1994), Ind.Tax, 629 N.E.2d 955, 956–957 (citing *Faris Mailing, Inc. v. Indiana Dep't of State Revenue* (1990), Ind. Tax, 557 N.E.2d 713, 715).

### DISCUSSION AND DECISION

■ Knauf seeks a deduction for "new manufacturing equipment" located in an ERA. IC 6–1.1–12.1–4.5(d). An ERA is

> an area which ... has become undesirable for, or impossible of, normal development and occupancy because of a lack of development, cessation of growth, deterioration of improvements or character of occupancy, age, obsolescence, substandard buildings, or other factors which have impaired values or prevent a normal development of property or use of property.

IND.CODE 6–1.1–12.1–1(1). When Knauf applied for the ERA deduction, "new manufacturing equipment" was defined as: any tangible personal property which:

> (A) was ... installed during the period beginning March 1, 1983, and ending December 31, 1991, in an area that is declared an economic revitalization area after February 28, 1983, in which a deduction for tangible personal property is allowed ...

IC 6–1.1–12.1–1(3). The parties' dispute centers on the interpretation of this statute.

Knauf argues IC 6–1.1–12.1–1(3) establishes a two prong test to qualify for the ERA deduction: (1) "new manufacturing equip-

ment" be installed between March 1, 1983, and December 31, 1991; (2) in an area declared an ERA sometime after February 28, 1983. Knauf installed its new manufacturing equipment between March 1983 and December 1991, and the area in which Knauf operates was designated an ERA after February 28, 1983. Thus, Knauf maintains, it met both prongs of the test and qualified for the deduction. The State Board counters, however, that the area must be designated an ERA *before* the equipment is installed and that, consequently, Knauf is ineligible for an ERA deduction because its area was not designated an ERA until after the equipment in question was installed. The State Board is correct.

■ "[T]he court's foremost goal in construing statutes is to ascertain the legislature's true intent." *Universal Group Ltd. v. Indiana Dept. of State Revenue* (1993), Ind. Tax, 609 N.E.2d 48, 56 (citing *Johnson County Farm Bureau Coop. Ass'n, Inc. v. Indiana Dep't of State Revenue* (1991), Ind. Tax, 568 N.E.2d 578, 580, *aff'd* (1992), Ind., 585 N.E.2d 1336). As a result, the court will give "statutory words and phrases their plain, ordinary, and usual meaning ..." *Kenny Kent Chevrolet Co. v. Indiana Dep't of State Revenue* (1994), Ind.Tax, 627 N.E.2d 890, 893 (citing *Fort Wayne Nat'l Corp. v. Indiana Dep't of State Revenue* (1993), Ind. Tax, 621 N.E.2d 668, 671). Furthermore, statutes must be read within the context of the entire act of which they are a part, thereby giving full effect to all words and clauses. *Maurer v. Indiana Dep't of State Revenue* (1993), Ind.Tax, 607 N.E.2d 985, 987 (citing *Harlan Sprague Dawley,* 605 N.E.2d at 1225). When construed in light of the other provisions that make up IC 6–1.1–12.1, section 1(3) provides that an ERA deduction will be granted for manufacturing equipment installed in an *already* designated ERA.

For example, ERA deduction applicants are to submit a statement of benefits form to the designating body under IC 6–1.1–12.1–4.5. The form is used by the designating body in its determination whether the area qualifies for an ERA designation. This form is to include the following information:

(1) A description of the new manufacturing equipment that the person *proposes* to acquire.

(2) An *estimate* of the number of individuals who *will be employed* . . . as a result of the installation of the new manufacturing equipment . . .

(3) An *estimate* of the cost of the new manufacturing equipment.

IC 6–1.1–12.1–4.5(b) (emphasis added). The use of the future tense in the statute provides the designating body the opportunity to pre-approve the proposed acquisition and installation of the applicant's "new manufacturing equipment." In fact, the designating body cannot designate an area an ERA until after it has considered the proposals set forth above. *See* IC 6–1.1–12.1–4.5(c).

Furthermore, an "applicant must provide the completed statement of benefits form . . . before the hearing specified in [IND.CODE 6–1.1–12.1–2.5(c)] or before the installation of the new manufacturing equipment for which the person desires to claim a deduction under [IC 6–1.1–12.1]." IC 6–1.1–12.1–4.5(b). The hearing specified in IC 6–1.1–12.1–2.5(c) is the final step in the process of designating an area an ERA. Therefore, the statement of benefits form must be submitted before the hearing or, if the area has *already* been designated an ERA, before the installation of the equipment. IC 6–1.1–12.1–4.5(b). It is therefore evident that the legislature intended for the ERA designation to *precede* installation of any new manufacturing equipment. The purpose of the ERA deduction is to encourage equipment installation and new employment opportunities in an area suffering from economic decline. The purpose of the ERA deduction is defeated, however, when the equipment is installed in an area that has not yet been designated an ERA. In other words, the ERA deduction is not intended for an area not yet suffering from the economic decline necessary to render it an ERA.

The State Board's action denying an ERA deduction on Knauf's equipment in question was in compliance with the ERA statutes. Thus, Knauf's motion for summary judgment

is DENIED. The court GRANTS summary judgment to the State Board.