MONARCH STEEL CO., INC., Petitioner,

v.

STATE BOARD OF TAX
COMMISSIONERS,
Respondent.

No. 45T10–9411–TA–00261.

Tax Court of Indiana.

Aug. 13, 1996.

Kenneth D. Reed, Hammond, for petitioner.

Pamela Carter, Attorney General of Indiana, Ted J. Holaday, Deputy Attorney General, Indianapolis, for respondent.

FISHER, Judge.

Monarch Steel Co., Inc. (Monarch) appeals a final determination of the State Board of Tax Commissioners (the State Board) denying an exemption for Monarch's business personal property for the March 1, 1993, assessment date.

### ISSUE

Whether the State Board erred in denying Monarch an inventory exemption.

### FACTS AND PROCEDURAL HISTORY [1]

Monarch is a steel service center located in East Chicago, Indiana. Monarch purchases steel plates, bars, and coils from manufacturers both inside and outside Indiana, and then resells them to customers both inside and outside Indiana.

Sometimes Monarch uses a torch and a template to cut the steel plates into unique shapes or designs ("template cut" steel plates). Other times Monarch uses a torch alone to cut the steel plates into basic geometric shapes with 90 degree angles ("straight cut" steel plates). Still other times Monarch resells the steel plates without performing any cutting at all ("as is" steel plates). Generally, Monarch resells the steel coils and bars without changing their shape or form at all.

On its Business Tangible Personal Property Return (Form 103) for the March 1, 1993, assessment date, Monarch claimed a $348,432 exemption for inventory. The auditor for the State Board reviewed Monarch's books and

---

1. This is the fourth in a series of cases between Monarch and the State Board. *See Monarch Steel Co., Inc. v. State of Indiana Tax Comm'rs,* 527 N.E.2d 1171 (Ind.Tax 1988) (*Monarch I*); *Monarch Steel Co., Inc. v. State of Indiana Tax Comm'rs,* 545 N.E.2d 1148 (Ind.Tax 1989) (*Monarch II*); *Monarch Steel Co., Inc. v. State Bd. of Tax Comm'rs,* 611 N.E.2d 708 (Ind.Tax 1993) (*Monarch III*).

records, and recommended to the State Board that Monarch's claim for an exemption should be denied. Monarch filed an objection to the auditor's recommendation with the State Board. After a hearing, the State Board issued a Final Order denying Monarch's claim for an exemption.

Monarch now appeals to this Court. Additional facts will be supplied as necessary.

### STANDARD OF REVIEW

 The Court accords great deference to the State Board when it has acted within the scope of its authority. *Precedent v. State Bd. of Tax Comm'rs,* 659 N.E.2d 701, 703–04 (Ind.Tax 1995). The Court will reverse a final determination by the State Board only if it is unsupported by substantial evidence, constitutes an abuse of discretion, exceeds statutory authority, or is arbitrary or capricious. *Id.* at 704.

 Tax exemptions are strictly construed against the taxpayer and in favor of the state. *Greensburg Motel Assoc., L.P. v. Indiana Dep't of State Revenue,* 629 N.E.2d 1302, 1304 (Ind.Tax 1994). Moreover, the taxpayer bears the burden to show that it is entitled to the exemption. *Id.*

### DISCUSSION AND ANALYSIS

 Monarch argues that the State Board abused its discretion in denying Monarch's claim for an exemption. Specifically, Monarch argues that all of its inventory, with the exception of "template cut" steel plates, is exempt from property tax under IND. CODE ANN. § 6–1.1–10–29(b) (West Supp. 1996), IND.CODE ANN. § 6–1.1–10–29(c) (West Supp.1996), IND.CODE ANN. § 6–1.1–10–29.3 (West Supp.1996), IND.CODE ANN. § 6–1.1–10–30(a) (West 1989), IND. CODE ANN. § 6–1.1–10–30(b) (West 1989), and/or IND.CODE ANN. § 6–1.1–10–30(d) (West 1989) (the interstate commerce exemption statutes). Further, Monarch asserts that it may calculate the amount of its exemption by taking its total inventory, and subtracting the amount of "template cut" steel plates.

The State Board argues, however, that Monarch has reversed the burden and procedure for claiming an exemption. Specifically, the State Board asserts that there is no legal basis for a method which assumes that all inventory which is not "template cut" is exempt. The State Board asserts, therefore, that it did not abuse its discretion in denying Monarch's claim for an exemption. The State Board is correct.

In order for Monarch to gain an exemption for an item of inventory, Monarch must affirmatively prove that the item falls within the requirements of a particular exemption provision, and also show that it has complied with all the procedural requirements for claiming the exemption. *See Monarch III,* 611 N.E.2d at 714 (noting Monarch bears the burden of proving entitlement to an exemption); *Monarch II,* 545 N.E.2d at 1153–54 (noting requirement that Monarch must "maintain records that reflect the specific type and amount of personal property claimed to be exempt"). *See generally* IND. CODE ANN. § 6–1.1–11 (West 1989); IND. ADMIN. CODE tit. 50, r. 4.2–12 (1992).

In the case at bar, Monarch has identified the items in its inventory which are not "template cut" steel plates, cited a series of exemption provisions, and then generally asserted that all of these items fall within the terms of the cited exemption provisions. This is insufficient to prove that Monarch's items of inventory are exempt from property tax. Monarch has not shown how its items of inventory fall within the requirements of a particular exemption, and has not shown that it has complied with all the procedural requirements for claiming an exemption. Therefore, the State Board did not abuse its discretion when it denied Monarch's claim for an exemption.

 Monarch contends that, regardless of whether it is entitled to an exemption as provided in the Indiana interstate commerce exemption statutes, the U.S. Commerce Clause prohibits Indiana from taxing Monarch's inventory. *See* U.S. CONST. art. I, § 8, cl. 3. Specifically, Monarch contends that its inventory is in the stream of interstate commerce, and therefore falls outside the constitutional jurisdiction of the Indiana taxing authority. Monarch argues, therefore, that

the State Board's final determination assessing Monarch's inventory is contrary to law.

As the taxpayer, Monarch bears the burden of proving that the State Board's final determination is incorrect. *See Precedent,* 659 N.E.2d at 704. Monarch, however, has presented no evidence and cited no case law in support of its argument that its inventory is in the stream of interstate commerce and outside the constitutional jurisdiction of the Indiana taxing authority. Since Monarch's mere allegation is insufficient to prove that the State Board's final determination is incorrect, the Court will not disturb the State Board's final determination. *See Kentron,* *Inc. v. State Bd. of Tax Comm'rs,* 572 N.E.2d 1366, 1372–74 (Ind.Tax 1991).

## CONCLUSION

The State Board did not abuse its discretion or otherwise err when it denied Monarch's claim for an inventory exemption. Accordingly, the State Board's final determination is AFFIRMED.