**MONARCH STEEL CO., INC., Petitioner,**

v.

**STATE OF INDIANA TAX COMMISSIONERS, Respondent.**

**No. 45T05–8709–TA–00037.**

Tax Court of Indiana.

Sept. 8, 1988.

Kenneth D. Reed, Hammond, for petitioner.

Linley E. Pearson, Atty. Gen., by Terry G. Duga, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

STATEMENT OF CASE

Monarch Steel Co., Inc. appeals the final determination of the State Board of Tax

Commissioners, which held that a portion of Monarch's inventory ultimately sold to out-of-state customers is not exempt from personal property tax under IC 6–1.1–10–30(b). The assessment date was March 1, 1986.

## FACTS AND DECISION

Monarch, an Indiana corporation, was a steel service center which purchased bulk loads of steel from mills located inside and outside of Indiana. Monarch forecasted the needs of its customers and ordered steel so as to be able to respond promptly to its customers' orders. It held the steel in inventory in its warehouse until the steel was ordered by customers. Some of the steel was shipped "as is", while some steel was cut or burned according to customer specifications. This cutting or burning was done either to facilitate shipping and handling or to conform to the particular customer's needs.

■ Monarch determined the amount of its exemption claim under IC 6–1.1–10–30(b) by predicting how much of the inventory in its warehouse on March 1, 1986, would ultimately be sold to out-of-state customers. The State Board denied the exemption because Monarch failed to meet the prerequisites of IC 6–1.1–10–30(b).[1]

The State Board found that the inventory claimed to be exempt had not been ordered by customers prior to March 1. The State Board also denied the exemption for steel which, although ordered on March 1, was removed from the warehouse after March 1 and cut to customers' specifications.

IC 6–1.1–10–30(b) provides:

Subject to the limitation contained in subsection (d) of this section, personal property is exempt from property taxation if:

(1) the property has been placed in its original package in a public or private warehouse for the purpose of shipment to an out-of-state destination;

(2) the property remains in the original package and in the public or private warehouse; and

(3) the property *had been ordered and is ready for shipment in interstate commerce to a specific known destination* to which the property is subsequently shipped.

If a property tax exemption is claimed under this subsection for property which is not shipped to the specific known destination as required under subdivision (3), the taxpayer shall file an amended personal property tax return for the year for which the exemption for that property was claimed. (Emphasis supplied).

■ The statute is interpreted in 50 IAC 4.1–3–3, which provides that the property must be ordered prior to the assessment date. The regulation also lists acceptable records needed to substantiate the exemption claim. The list is not all-inclusive, but serves to illustrate the necessity of records showing a prior order and a specific known destination.

Monarch contends that the accuracy of its forecast of out-of-state sales is adequate to warrant exemption under IC 6–1.1–10–30(b). This court does not agree. IC 6–1.1–10–30(b) plainly requires that an order be in existence on the assessment date, that the specific known destination be evident, and that the property be ready for shipment. Predictions of what will ultimately happen to inventory, no matter how accurate those predictions may be, do not meet the requirements of the statute.

■ The court also agrees with the State Board's determination that inventory which had been ordered for a specific known destination is not exempt under IC 6–1.1–10–30(b) when the inventory is removed from the warehouse for custom cutting subsequent to the assessment date. The statute requires that the inventory be ready for out-of-state shipment on or before the assessment date. IC 6–1.1–10–30(b)(3). In

---

1. The State Board erroneously allowed exemption under subsection (a) for steel purchased from out-of-state suppliers. This error accrued to Monarch's benefit, and is not an issue in the case. However, the proper administration and interpretation of the statute would have obviated Monarch's claim that IC 6–1.1–10–30 unfairly discriminated against Indiana steel producers in favor of out-of-state production.

addition, the concept of original packaging requires that the inventory be placed in the warehouse in the form in which it will later be shipped. The fact that the customer may pay for both the cutout and the resultant scrap is irrelevant.

The court is aware that the unavailability of the exemption under IC 6–1.1–10–30(b) may be a hardship upon Monarch and may be contrary to the expectations it had when it decided to locate its operations in Indiana. Courts, however, are bound to interpret statutes as written, and the scope of review of administrative determinations is limited. *Stokely–Van Camp, Inc. v. State Bd. of Tax Comm'rs* (1979), 182 Ind. App. 91, 394 N.E.2d 209. The State Board's final determination as to the applicability of IC 6–1.1–10–30(b) suffers from none of the defects which would warrant court interference. Changes in the availability of this exemption may come only through legislative action or a policy determination within the executive branch.

Although the State Board determination regarding IC 6–1.1–10–30 was clear, the availability of exemption under IC 6–1.1–10–29 was not specifically addressed in the Board's final determination. This exemption is available to manufacturers or processors who are able to show that the property for which the exemption is sought was placed in an instate warehouse for the purpose of shipment to an out-of-state destination. The property must remain in its original package and not be further processed. There is some suggestion in the record that part of Monarch's inventory may qualify for exemption under this statute. However, the State Board must both consider and document its decision on the issue before this court can express an opinion.

The determination of the State Board of Tax Commissioners denying the requested exemption under IC 6–1.1–10–30(b) is affirmed. This cause is remanded for consideration of the applicability of IC 6–1.1–10–29.