MONARCH STEEL CO., Petitioner,

v.

STATE BOARD OF TAX
COMMISSIONERS,
Respondent.

Nos. 45T10–9610–TA–00134,
45T10–9506–TA–00055.

Tax Court of Indiana.

Sept. 24, 1998.

See also, 669 N.E.2d 199.

Kenneth D. Reed, Abrahamson, Reed &
Adley, Hammond, for Petitioner.

Jeffrey A. Modisett, Attorney General, Ted
J. Holaday, Deputy Attorney General, India-
napolis, for Respondent.

FISHER, Judge.

Monarch Steel Co. (Monarch) [1] appeals two final determinations of the State Board of Tax Commissioners (the State Board) denying Monarch an exemption for its business personal property for the 1987, 1988, 1990, 1991, 1992, and 1995 tax years. [2]

## ISSUE

Did the State Board err in denying Monarch an inventory exemption?

## FACTS AND PROCEDURAL HISTORY

Monarch is a steel service center located in East Chicago, Indiana. Monarch purchases steel plates, bars, and coils from manufacturers both inside and outside Indiana, and then resells them to customers both inside and outside Indiana.

Sometimes Monarch uses a torch and a template to cut the steel plates into unique shapes or designs ("template cut" steel plates). Other times Monarch uses a torch alone to cut the steel plates into basic geometric shapes with 90 degree angles ("straight cut" steel plates). Still other times Monarch resells the steel plates without performing any cutting at all ("as is" steel plates). Generally, Monarch resells the steel coils and bars without changing their shape or form.

In 1991, Monarch filed an original tax appeal with this Court regarding its 1987, 1988, and 1990 assessments. [3] Monarch claimed that it was entitled to an interstate commerce exemption for its business personal property. See IND.CODE ANN. § 6–1.1–10–29 to 30 (1989 & West Supp.1998). [4] The 1987, 1988, and 1990 assessments were remanded to the State Board for further consideration in *Monarch III*. By agreement of the parties, Monarch's assessments for the years 1991 and 1992 were also included in the *Monarch III* remand hearing held on March 7, 1994. Subsequently, Monarch appealed its 1995 assessment raising the same issue. The 1995 assessment hearing was held by the State Board as a separate matter on June 12, 1996.

The State Board issued its final determination on the *Monarch III* remand hearing on April 28, 1995. The State Board issued its final determination on the 1995 assessment on August 30, 1996. In both matters, the State Board determined that Monarch was not entitled to the exemption. Monarch then filed original tax appeals with this Court in both matters. The parties agreed to consolidate the issues arising from the *Monarch III* remand hearing with the issues from the 1995 assessment hearing for the Court's consideration. A trial was held on the consolidated causes in September 26, 1997. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

### Standard of Review

■ The Court accords great deference to the State Board when it has acted within the scope of its authority. *Garcia v. State*

---

**1.** The Court has received a motion to file an Amicus Curiae brief by Edgecomb Metal Co. (Edgecomb), a litigant before this Court in a case pending under Cause No. 49T10–9610–TA–00135. The Court granted that motion and Edgecomb has tendered its brief. However, the Court's decision in the present case does not resolve the issues presented in Edgecomb's brief. Therefore, the brief of Amicus Curiae is not discussed in the Court's opinion.

**2.** This opinion represents this Court's fifth opinion in the lengthy history of litigation between Monarch and the State Board. *See Monarch Steel Co., Inc. v. State of Indiana Tax Comm'rs*, 527 N.E.2d 1171 (Ind. Tax Ct.1988) (*Monarch I* ); *Monarch Steel Co., Inc. v. State of Indiana Tax Comm'rs*, 545 N.E.2d 1148 (Ind. Tax Ct.1989) (*Monarch II* ); *Monarch Steel Co., Inc. v. State Bd. of Tax Comm'rs*, 611 N.E.2d 708 (Ind. Tax Ct.1993) (*Monarch III* ); *Monarch Steel Co., Inc.*

*v. State Bd. of Tax Comm'rs*, 669 N.E.2d 199 (Ind. Tax Ct.1996) (*Monarch IV* ).

**3.** Monarch also included the 1989 assessment as part of its 1991 appeal. However, this Court held that it was without jurisdiction over the 1989 assessment due to untimely filing of an appeal by Monarch. *See Monarch III*, 611 N.E.2d at 710–11. Therefore, this Court will not discuss the 1989 assessment in this opinion.

**4.** The definitions contained in section 6–1.1–10–29(a) were amended effective March 1, 1989. *See* Act of May 4, 1989, No. 78, § 1, 1989 Ind. Acts 902, 902. In *Monarch II*, this court held that the amended definitions contained in section 6–1.1–10–29(a) were a clarification of existing law and therefore also relevant to assessments prior to March 1, 1989. *Monarch II*, 545 N.E.2d at 1152–53.

*Bd. of Tax Comm'rs,* 694 N.E.2d 794, 795–96 (Ind. Tax Ct.1998). The Court will reverse a final determination by the State Board only if it is unsupported by substantial evidence, constitutes an abuse of discretion, exceeds statutory authority, or is arbitrary or capricious. *Id.* Moreover, tax exemptions are strictly construed against the taxpayer and in favor of taxation. *See Sangralea Boys Fund, Inc. v. State Bd. of Tax Comm'rs,* 686 N.E.2d 954, 956 (Ind. Tax Ct.1997), *review denied; see also Trinity Episcopal Church v. State Bd. of Tax Comm'rs,* 694 N.E.2d 816, 818 (Ind. Tax Ct.1998); *see also Alte Salems Kirche v. State Bd. of Tax Comm'rs,* 694 N.E.2d 810, 812 (Ind. Tax Ct.1998); *see also Indiana Department of State Revenue v. Fort Wayne Nat'l Corp.,* 649 N.E.2d 109, 113 (Ind.), *cert. denied* 516 U.S. 913, 116 S.Ct. 298, 133 L.Ed.2d 204 (1995).

## Discussion

■ Monarch argues that the State Board abused its discretion by denying Monarch's claim for an exemption. Specifically, Monarch argues that all of its inventory, with the exception of "template cut" steel plates, is exempt from property tax under IND.CODE ANN. § 6–1.1–10–29 (West 1989 & Supp. 1998), IND.CODE ANN. § 6–1.1–10–29.3 (West 1989 & Supp.1998), IND.CODE ANN. § 6–1.1–10–30(a), (b), and (d) (West 1989) (the interstate commerce exemption statutes). These provisions provide an exemption from paying taxes on inventory that is located in Indiana on the assessment date if that inventory is in Indiana merely to be packaged [5] or is simply in transit to a final destination and is kept in its original package. *Id.* In other words, a taxpayer is entitled to the exemption only if the taxpayer does no processing of the inventory when it is in Indiana. *Id.; see also Monarch III,* 611 N.E.2d at 714. Monarch argues that it has told the State Board "year in and year out, from day one, that everything cut to squares and rectangles is cut that way for ease of shipment and handling; and the stuff cut for the template is cut so we can sell it to the customer and has nothing to do with ease of shipment and handling." (Tr. at 25). In support of its position, Monarch provided the State Board's hearing officer with a box of invoices that were alleged to be invoices for steel that was not "processed" (template cut) by Monarch. The State Board argues, however, that Monarch has not provided it with sufficient evidence to prove that it is entitled to the exemption. Specifically, the State Board asserts that there is no basis for an assumption that all inventory which is not "template cut" is exempt. Further, the State Board asserts that Monarch's evidence (the box of invoices) was insufficient to prove that it was entitled to an exemption. First, the State Board claims that some of the invoices in the box included special template cut steel orders. Second, the State Board argues that Monarch simply filled the box with invoices and left the State Board's hearing officer to sift through the pile to determine what was exempt and what was not.

■ In order for Monarch to gain an exemption for an item of inventory, Monarch must present evidence that proves that the item falls within the requirements of a particular exemption provision. *See Rotation Prods. Corp. v. Department of State Revenue,* 690 N.E.2d 795, 798 (Ind. Tax Ct.1998); *see also Sony Music v. State Bd. of Tax Comm'rs,* 681 N.E.2d 800, 801 (Ind. Tax Ct.1997); *see also Monarch IV,* 669 N.E.2d at 201; *see also Dav–Con, Inc. v. State Bd. of Tax Comm'rs,* 644 N.E.2d 192, 194 (Ind. Tax Ct.1994); *see also Mid–America Mailers, Inc. v. State Bd. of Tax Comm'rs,* 639 N.E.2d 380, 386 (Ind. Tax Ct.1994); *see also Greensburg Motel Assoc., L.P. v. Department of State Revenue,* 629 N.E.2d 1302, 1304 (Ind. Tax Ct.1994); *see also Monarch III,* 611 N.E.2d at 714; *see also Harlan Sprague Dawley, Inc. v. Department of State Revenue,* 605 N.E.2d 1222, 1225 (Ind. Tax Ct.1992). Further, Monarch must show that it has complied with all the procedural requirements for claiming the exemption. *See Monarch III,* 611 N.E.2d at 714; *see also Monarch II,* 545 N.E.2d at 1153–54 (noting

---

**5.** As the Court noted in Monarch III, steel is not the type of item that is packaged in a box or a bag. *See Monarch III,* 611 N.E.2d at 714. However, this Court held that the dispositive question is whether Monarch cuts its steel to manufacture a finished product to sell to the customer or cuts its steel to make it easier to ship. *Id.* The former is processing, the latter is packaging. *Id.*

requirement that Monarch must "maintain records that reflect the specific type and amount of personal property claimed to be exempt"); *see also generally* IND.CODE ANN. §§ 6–1.1–11 (West 1989); *see also* IND. ADMIN. CODE tit. 50, r. 4.2–12–1, 3 (1992) (presently codified at id. r. 4.2–12–1, 3 (1996)). Having now explained the standard of review, and having previously defined packaging of Monarch's product, this Court now turns to the present case and to the evidence presented to the State Board and this Court.

■ In the case at bar, Monarch provided the State Board with a box of invoices that it claims proved the steel was not "template cut." However, Monarch did not review the invoices with the hearing officer, nor did Monarch attempt to aid the hearing officer in understanding the terminology used on the invoices. Monarch provided no explanation to the hearing officer regarding why its inventory (represented by the invoices provided) satisfied any of the exemption provisions.

■ The State Board must be able to corroborate the taxpayer's evidence to determine whether that evidence proves what the taxpayer claims. In fact, the State Board is required to attempt to do so. *See Clark v. State Bd. of Tax Comm'rs,* 694 N.E.2d 1230, 1235 (Ind. Tax Ct.1998); *see also Western Select Properties v. State Bd. of Tax Comm'rs,* 639 N.E.2d 1068, 1075 (Ind. Tax Ct.1994). However, the State Board is not required to make the taxpayer's case for him. *See North Park Cinemas, Inc. v. State Bd. of Tax Comm'rs,* 689 N.E.2d 765, 769 (Ind. Tax Ct.1997); *see also Clark,* 694 N.E.2d at 1235. To provide the State Board with a box full of papers and leave the State Board to sift through them to determine what is exempt and what is not is insufficient to provide the necessary evidentiary support for an exemption. The taxpayer has the responsibility to

present sufficient evidence to corroborate its claims to the State Board.

Nevertheless, in an effort to discharge its duty to examine Monarch's evidence, the hearing officer chose to select a random sample of thirty invoices for review.[6] Of the thirty selected invoices, six clearly contained evidence of orders for special cuts or processing. (Tr. at 38). Other invoices in the sample contained vague descriptions of Monarch's activities such as "saw cut," "burn," and "flame cut." (Tr. at 39). The hearing officer was unsure whether these instructions were, or were not, orders for special cuts for a customer. The hearing officer asked Monarch for more information regarding these vague invoices but received no response. (Tr. at 40). Therefore, the hearing officer determined that Monarch's evidence was insufficient to prove entitlement to the exemption. This Court cannot say that this determination is arbitrary or capricious or an abuse of discretion.

Although it is not for this Court to explain to each taxpayer how to prove its case, it is clear that when a taxpayer does nothing more than provide the hearing officer with a box of invoices, along with self-serving claims that the invoices support its case, that the taxpayer has failed to present sufficient evidence to support its position. Further, the Court would note that it has not been provided with the invoices the taxpayer claims support its position. Since the Court is to review the evidence considered by the State Board to determine whether it was properly considered, and since that evidence has not been provided to this Court, the Court cannot hold that the State Board abused its discretion or was arbitrary or capricious. The taxpayer had the opportunity before this Court to prove that the State Board's decision to deny the exemption was not supported by substantial evidence. It did not do so.

---

6. Although it is unclear precisely how many invoices were initially given to the hearing officer, it appears from testimony given at trial that the random sample of thirty invoices checked by the hearing officer represents approximately $71,000 dollars worth of sales. (Tr. at 42). Testimony also indicates that Monarch's yearly sales are approximately $3,000,000. (Tr. at 42). No testi-

mony was offered regarding the total dollar amount represented by the box of invoices provided to the hearing officer by Monarch. Although the Court acknowledges that the hearing officer was unwilling to examine each invoice, the Court also points out that she should not be expected to sift through a taxpayer's evidence when it is presented in the manner that it was.

## CONCLUSION

The State Board's final determination was not arbitrary or capricious nor did the State Board abuse its discretion when it denied Monarch's claim for an inventory exemption.

Accordingly, the State Board's final determination is AFFIRMED.